OPINION
{¶ 1} Defendant Timothy Edmond appeals a judgment of the Municipal Court of Licking County, Ohio, which overruled his motion to find the Newark Police Department in contempt of the court's prior order. Appellant assigns two errors to the trial court:
 {¶ 2} "Trial court erred by failing to hold the Newark Police Department in Contempt of Court and by failing to suppress the evidence in this case.
 {¶ 3} "The trial court erred in not securing the safe return of the Defendant-Appellant's property."
 {¶ 4} On December 19, 2003, William Trumbull reported appellant had stolen a lap-top computer. Trumbull's complaint alleged Trumbull was acting as a mentor for appellant under an agreement that he would be taught how to service computers in return for help around Trumbull's store. Appellant alleged he earned the computer in lieu of wages at the store. Although there were records another person had signed a contract to purchase the computer, that person did not come forward. Police searched appellant's home and recovered the computer.
 {¶ 5} Appellant pled not guilty, and on June 3, 2003, the trial court dismissed the case against appellant on the prosecutor's motion. The prosecutor advised the court he had determined there was insufficient evidence to proceed, and the complaining witness had not cooperated and had not provided the prosecutor with essential information needed to successfully obtain a conviction.
 {¶ 6} On June 6, 2003, appellant filed a motion for return of property, which the trial court sustained on June 28, 2003.
 {¶ 7} The Newark Police Department never returned the property to appellant. It appears from the record Trumbull sued appellant civilly for money due on the property.
 {¶ 8} On July 7, 2003, appellant moved the court for return of property or in the alternative to set a trial date. The record contains judgment entries denying both motions, but the trial court did not sign them, and we find they are not effective.
 {¶ 9} On August 20, 2003, appellant filed a motion to find the police department in contempt of court for not releasing the property. The trial court overruled the motion without a hearing and this appeal ensued.
 {¶ 10} R.C. 2933.41 governs disposition of property seized by the police. It directs police departments to make reasonable efforts to return the property to the person entitled to its possession at the earliest time possible after it is determined the property is not needed as evidence, unless the person entitled to possession has lost the right pursuant to forfeiture statutes.
 {¶ 11} The last valid judgment entry pertaining to the property is the trial court's June 20, 2003 order granting immediate release of the property. The subsequent unsigned orders are unenforcible.
 {¶ 12} Appellant's motion for contempt asks the court to order the police to immediately release the property. While the record does not demonstrate whether the police department was in willful contempt of the trial court's prior order, there is no question the last enforcible order regarding the property is the order releasing the property to appellant.
 {¶ 13} The second assignment of error is sustained.
 {¶ 14} The first assignment of error is overruled as moot.
 {¶ 15} For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is reversed, and pursuant to App. R. 12, we hereby enter final judgment in favor of appellant.
Hoffman, J., and Wise, J., concur.