OPINION
{¶ 1} Intervenors-Appellants, William Kormendi, Karen Lucas, Keith Lucas, Paul Gelber, Richard Kovalchuk, William Rulis, John Pietravoia, Betsy Pietravoia, Sandra Thorsky, Ken Holbein, Joseph Kovalchuk, James Roberts, Philip Vogel, Helen Ratino, *Page 2 
Charles Zurilla, Kersi Mehta, Terry Myers, David Walczak, Lawrence Ganim, Nancy Sustar, and Pam Swietyniowski, (collectively "appellants"), appeal from the April 18, 2006 judgment entry of the Willoughby Municipal Court, overruling their motion to intervene and to vacate judgment.
 {¶ 2} On October 12, 2005, appellee, Department of Public Safety, filed a complaint against defendant Scott D. Buckley ("defendant Buckley"), alleging that he operated a gambling house in violation of R.C. 2915.03, a misdemeanor of the first degree.[1] He entered a guilty plea at his initial appearance.
 {¶ 3} On October 12, 2005, in addition to poker chips and other gambling equipment, the trial court ordered a forfeiture of the moneys seized, which amounted to a total of $13,695, to be distributed in equal shares to the following non-profit organizations: ODPS Investigative Unit 622 Fund; Eastlake Kiwanis Club; and the city of Willowick Law Enforcement Trust Fund.[2] On November 3, 2005, the trial court ordered another forfeiture in the amount of $490, to be distributed in equal shares to the foregoing three organizations.
 {¶ 4} Pursuant to its December 7, 2005 judgment entry, the trial court indicated that defendant Buckley complied with the First Offender Program and fulfilled the requirements established by probation, which included community service. The trial court dismissed the matter. *Page 3 
 {¶ 5} On December 27, 2005, appellants filed a motion to intervene and to vacate judgment. Appellee filed a response on March 1, 2006. Appellants filed a reply on March 8, 2006. A hearing was held on April 5, 2006.[3]
 {¶ 6} Pursuant to its April 18, 2006 judgment entry, the trial court overruled appellants' motion to intervene and to vacate judgment.[4]
It is from that judgment that appellants filed a timely notice of appeal and make the following assignments of error:
 {¶ 7} "[1.] The trial court erred when it ordered a forfeiture of moneys, in the amount of $14,445.00, that belonged to proposed intervenors and others.
 {¶ 8} "[2.] The trial court erred in denying proposed intervenors motion to intervene and vacate judgment."
 {¶ 9} In their first assignment of error, appellants argue that the trial court erred when it ordered a forfeiture of moneys, in the amount of $14,445.00, which belonged to appellants.
 {¶ 10} In their second assignment of error, appellants contend that the trial court erred in denying their motion to intervene and vacate judgment. They present four issues. In their first issue, appellants maintain that the trial court cannot order a forfeiture of money without complying with the mandatory provisions of R.C. 2933.43. In their second issue, appellants stress that the trial court cannot order a forfeiture of money when there is no plea to or conviction of a criminal statute and no one else was *Page 4 
charged. In their third issue, appellants maintain that the trial court cannot order a forfeiture of money seized from a number of individuals without giving them a right to appear and present their claims to the money. In their fourth issue, appellants allege that it is inequitable that money belonging to innocent individuals at a charitable fundraiser event for the Eastlake Kiwanis Club be forfeited, when the only illegal claim is that the club is not properly licensed.
 {¶ 11} Since appellants' assignments of error are interrelated and are argued together in their brief, we will address them in a consolidated fashion as well.
 {¶ 12} Civ.R. 24(A) states: "[u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 13} "A trial court's determination of whether to allow intervention pursuant to Civ.R. 24(A)(2) is reviewed for abuse of discretion."PNC Bank, N.A. v. Sedivy, 11th Dist. Nos. 2004-L-102, 2005-L-033, and 2005-L-081, 2006-Ohio-6694, at ¶ 40, citing State ex rel. First NewShiloh Baptist Church v. Meagher (1998), 82 Ohio St.3d 501, 503, fn. 1.
 {¶ 14} "R.C. 2933.41 governs disposition of property seized by the police. It directs police departments to make reasonable efforts to return the property to the person entitled to its possession at the earliest time possible after it is determined the *Page 5 
property is not needed as evidence, unless the person entitled to possession has lost the right pursuant to forfeiture statutes."State v. Edmond, 5th Dist. No. 2003-CA-00086, 2004-Ohio-752, at ¶ 10.
 {¶ 15} R.C. 2933.43(C) provides in pertinent part:
 {¶ 16} "[t]he prosecuting attorney, village solicitor, city director of law, or similar chief legal officer who has responsibility for the prosecution of the underlying criminal case or administrative proceeding, or the attorney general if the attorney general has that responsibility, shall file a petition for the forfeiture, to the seizing law enforcement agency of the contraband seized pursuant to division (A) of this section. The petition shall be filed in the court that has jurisdiction over the underlying criminal case or administrative proceeding involved in the forfeiture. If the property was seized on the basis of both a criminal violation and an administrative regulation violation, the petition shall be filed by the officer and in the court that is appropriate in relation to the criminal case.
 {¶ 17} "The petitioner shall conduct or cause to be conducted a search of the appropriate public records that relate to the seized property for the purpose of determining, and shall make or cause to be made reasonably diligent inquiries for the purpose of determining, any person having an ownership or security interest in the property. The petitioner then shall give notice of the forfeiture proceedings by personal service or by certified mail, return receipt requested, to any persons known, because of the conduct of the search, the making of the inquiries, or otherwise, to have an ownership or security interest in the property, and shall publish notice of the proceedings once each week for two consecutive weeks in a newspaper of general *Page 6 
circulation in the county in which the seizure occurred. The notices shall be personally served, mailed, and first published at least four weeks before the hearing. They shall describe the property seized; state the date and place of seizure; name the law enforcement agency that seized the property and, if applicable, that is holding the property; list the time, date, and place of the hearing; and state that any person having an ownership or security interest in the property may contest the forfeiture.
 {¶ 18} "* * * [N]o forfeiture hearing shall be held under this section unless the person pleads guilty to or is convicted of the commission of, or an attempt or conspiracy to commit, the offense or a different offense arising out of the same facts and circumstances * * *. * * * Any property seized because of its relationship to an underlying criminal offense or administrative violation shall be returned to its owner * * * if charges of that nature are filed and subsequently are dismissed * * *.
 {¶ 19} "* * *
 {¶ 20} "No property shall be forfeited pursuant to this division if the owner of the property establishes, by a preponderance of the evidence, that the owner neither knew, nor should have known after a reasonable inquiry, that the property was used, or was likely to be used, in a crime or administrative violation. * * *"
 {¶ 21} "* * * [Forfeiture proceedings are punitive and more `criminal' than `civil' in nature and substance." Ohio Dept. of Liquor Control v.FOE Aerie 0456 (1994), 99 Ohio App.3d 380, 385-386. It is well established that forfeitures are not favored in law or equity and therefore R.C. 2933.43 must be strictly construed. See State v.Lilliock (1982), 70 Ohio St.2d 23; and State v. Niles (1989),44 Ohio App.3d 133. *Page 7 
 {¶ 22} The Supreme Court of Ohio in Ohio Dept. of Liquor Control v.Sons of Italy Lodge 0917 (1992), 65 Ohio St.3d 532, 535, stated:
 {¶ 23} "[t]here is not even a remote indication, let alone `clear and unequivocal legislative intent,' that the General Assembly considers the procedures set forth in R.C. 2933.43(C) to be permissive guidelines rather than mandatory instructions. Quite the contrary, the General Assembly chose mandatory language to assure that due process would be afforded in all cases in which the state seeks forfeiture. The General Assembly itself provided detailed safeguards in R.C. 2933.43(C), including the requirements that diligent inquiry regarding ownership of the seized property be undertaken and that specific notice requirements and time limits be followed."
 {¶ 24} In the case at bar, the record does not establish that the R.C.2933.43(C) requirements were met. There was no petition, no publication, and no notification. Ohio law requires an independent request for forfeiture to put the defendant on notice. See, generally, State v.Haponek (Jan. 15, 1997), 9th Dist. No. 96CA006328, 1997 Ohio App. LEXIS 60; State v. Sowards (Feb. 4, 2000), 7th Dist. No. 98-CO-2, 2000 Ohio App. LEXIS 497; Thomas v. Cleveland (2000), 140 Ohio App.3d 136. Thus, the trial court was without jurisdiction to order the forfeitures. This lack of jurisdiction cannot be cured by the assent of defendant Buckley, since the money seized belonged to appellants, the participants. Defendant Buckley can only forfeit his interest in any property. He cannot forfeit the interests of others by his forfeiture. The trial court erred by distributing a portion of the money to the Eastlake Kiwanis Club, since money seized in a forfeiture proceeding is to be distributed to law enforcement trust funds. See, generally, State v.Blount (June 12, 1991), 9th Dist. No. 14898, 1991 Ohio App. LEXIS 2903. *Page 8 
 {¶ 25} Also, none of the appellants pleaded guilty to or were convicted of any crime. The charge of operating a gambling house against defendant Buckley, the only individual charged, was dismissed on December 7, 2005, because he completed the First Offender Program. R.C.2933.43(C) specifically provides that if charges are dismissed, all property seized shall be returned to the owner or owners. The record does not reveal that appellants had knowledge that the "Las Vegas" night was illegal. The illegality here revolved around the type of license secured by the Eastlake Kiwanis Club, a matter to which appellants would have no knowledge.[5] Therefore, the trial court erred by overruling appellants' motion to intervene and to vacate judgment.
 {¶ 26} Appellants' first and second assignments of error are with merit.
 {¶ 27} For the foregoing reasons, appellants' assignments of error are well-taken. The judgment of the Willoughby Municipal Court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
CYNTHIA WESTCOTT RICE, P.J., concurs in judgment only.
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.
[1] Defendant Buckley is not a named party to the instant appeal. The incident at issue occurred on March 12, 2005, when appellee's agents and officers of the Willowick Police Department investigated a "Las Vegas" night held at the Eastlake Kiwanis Club. The agents determined that the Eastlake Kiwanis Club was not functioning as a charitable organization and that while some of the dealers were volunteers, others were paid employees. Besides defendant Buckley, none of the players' identities were recorded and none were charged.
[2] The trial court issued a nunc pro tunc judgment entry on April 18, 2006, which specified the correct total amount of $13,965.
[3] Appellants did not file a transcript from that hearing.
[4] In its April 18, 2006 judgment entry, the trial court indicated that defendant Buckley was charged with operating a gambling house in violation of R.C. 2915.13. The trial court corrected its error in a May 24, 2006 nunc pro tunc judgment entry, stating that he violated R.C.2915.03.
[5] We note that the nature of the property was valid United States currency which is certainly not unlawful to possess or acquire. "To allow the government to get into the pockets of its citizens when they are either playing poker or in close proximity to a poker game and then to deprive the citizens of the right to possession of their money is such a personal intrusion that can only be tolerated by strictly adhering to and complying with the underlying statutory scheme that provides for forfeiture of private property in derogation of property rights." State v. Argea (1989), 60 Ohio Misc.2d 11, 13.