JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the judgment of the Cuyahoga County Court of Common Pleas that denied its petition for forfeiture of seized contraband. For the reasons stated herein, we affirm.
 {¶ 2} The following facts give rise to this appeal. On April 19, 2006, defendant-appellee, Javier Rosa, was charged under a six-count indictment with two counts of drug trafficking, two counts of possession of drugs, one count of possessing criminal tools, and one count of falsification.
 {¶ 3} On the same date, the state filed a petition for forfeiture of seized contraband pursuant to R.C. 2933.43. The state sought the forfeiture of the following alleged contraband: $2,000 in U.S. currency, $1,190 in U.S. currency, and one Verizon cellular telephone.
 {¶ 4} Rosa ultimately entered a plea of no contest with a consent to a finding of guilt. The trial court found Rosa guilty as charged and set the matter for sentencing and a forfeiture hearing.
 {¶ 5} On January 9, 2008, after sentencing Rosa on the charges, the trial court proceeded to a forfeiture hearing. The trial court recognized that the certificate of service on the petition for forfeiture was not dated. The state argued that Rosa was aware of the forfeiture petition, that Rosa requested the hearing on the petition, and that Rosa participated in the litigation of the *Page 2 
petition. The trial court denied the petition upon finding that the state failed to perfect service on Rosa.
 {¶ 6} The state appeals the trial court's ruling, raising two assignments of error for our review:
 {¶ 7} "I. Whether the trial court erred as a matter of law when it denied appellant's forfeiture petition because appellee waived all affirmative defenses."
 {¶ 8} "II. Whether the trial court abused its discretion by denying the appellant's forfeiture petition and by without first allowing the appellant to cure any defects in service before denying the forfeiture petition."
 {¶ 9} It is well established that forfeitures are not favored in Ohio law, and wherever possible statutes should be construed to avoid forfeiture of property and to protect individual property rights. SeeDept. of Liquor Control v. Sons of Italy Lodge 0917, 65 Ohio St.3d 532,534, 1992-Ohio-17; State v. Lilliock (1982), 70 Ohio St.2d 23; Dept. ofPub. Safety v. Buckley, Lake App. No. 2006-L-101, 2007-Ohio-4628. "To that end, `statutes imposing restrictions upon the use of private property, in derogation of private property rights, must be strictly construed.'" Dept. of Liquor Control, 65 Ohio St.3d at 534, quotingState v. Lilliock, 70 Ohio St.2d at 26.
 {¶ 10} In this case, the state filed its petition for forfeiture pursuant to *Page 3 
former R.C. 2933.43.[1][2] Consistent with the above principles, the Ohio Supreme Court has recognized that the language of R.C. 2933.43 is mandatory, and the state is required to strictly comply with its procedural requirements. Dept. of Liquor Control, 65 Ohio St.3d at 536. In Dept. of Liquor Control, the Supreme Court stated as follows: "General Assembly chose mandatory language to assure that due process would be afforded in all cases in which the state seeks forfeiture. The General Assembly itself provided detailed safeguards in *Page 4 
R.C. 2933.43(C), including the requirements that diligent inquiry regarding ownership of the seized property be undertaken and that specific notice requirements and time limits be followed." Id. at 535.
 {¶ 11} Here, the record does not establish that the R.C. 2933.43(C) requirements were met. Among the requirements stated in the statute is that "[t]he petitioner then shall give notice of the forfeiture proceedings by personal service or by certified mail, return receipt requested, to any persons known * * * to have an ownership or security interest in the property * * *." R.C. 2933.43(C) (emphasis added).[3]
The petition for forfeiture filed by the state contained a certificate of service that was not dated. Moreover, other than mere assertions, there was no evidence that Rosa was given notice of the forfeiture proceedings by personal service or by certified mail in compliance with the statutory requirements. The failure to strictly comply with the procedural requirements of R.C. 2933.43 renders a forfeiture inappropriate. See Dept. of Liquor Control, supra.
 {¶ 12} Although the lower court in this case looked to the Ohio Rules of Civil Procedure and found that the state failed to comply with the service requirements of Civ. R. 5(D), we need not address appellant's arguments *Page 5 
pertaining to the civil rule and service thereunder. Rather, we find that the state's failure to strictly comply with the requirements of R.C. 2933.43 was fatal to its petition. Accordingly, we reject the state's argument that Rosa waived the service requirements. *Page 6 
 {¶ 13} Insofar as the state argues it should have been permitted to cure any defects in service, it does not appear that any such request was made to the trial court. In any event, from our review of the record, we find no abuse of discretion in the trial court's decision to deny the state's petition.
 {¶ 14} We overrule the state's assignments of error and affirm the trial court's decision.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, PRESIDING JUDGE
MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR
[1] The statute was repealed effective July 1, 2007. For forfeiture of contraband, see now R.C. 2981.01 et seq. The legislation accompanying R.C. 2981.01 to 2981.14, Section 4 of 2006 H 241 specifically provides as follows: "Sections 1, 2, and 3 of this act shall take effect on July 1, 2007. If a criminal or civil forfeiture action relating to misconduct under Title XXIX of the Revised Code was or is commenced before July 1, 2007, and is still pending on that date, the court in which the case is pending shall, to the extent practical, apply the provisions of Chapter 2981 of the Revised Code in the case." See State v. Clark,173 Ohio App.3d 719, 2007-Ohio-6235. We do not find this legislation affects our analysis of the mandatory notice provisions under R.C. 2933.43, which were in effect at the time the petition was filed herein.
[2] We note that the state did not elect to proceed under former R.C. 2925.42 governing forfeiture of property in connection with felony drug abuse offenses or acts.
[3] The statute also contains a publication requirement that does not appear to have been met. *Page 1