[Cite as *Dreisilker v. Carrelli*, 2016-Ohio-342.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

MICHELLE DREISILKER,               :

     Plaintiff-Appellee,             :

                                       :

   - vs -                             :

CHRISTOPHER CARRELLI,          :

     Defendant-Appellant.        :

CASE NO. CA2015-06-052

O P I N I O N
2/1/2016

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 10-S03490

Michelle Dreisilker, 5251 Venetian Way, Morrow, Ohio 45152, plaintiff-appellee, pro se

Dever Law Firm, Scott Hoberg, 9146 Cincinnati-Columbus Road, West Chester, Ohio 45069, for defendant-appellant, Christopher Carrelli

David P. Fornshell, Warren County Prosecuting Attorney, 520 Justice Drive, Lebanon, Ohio 45036, for Warren County CSEA

     **S. POWELL, P.J.**

     {¶ 1} Defendant-appellant, Christopher Carrelli, appeals from the decision of the Warren County Court of Common Pleas, Juvenile Division, finding him in contempt for failing to pay his court ordered child support obligations to plaintiff-appellee, Michelle Dreisilker. For the reasons outlined below, this appeal is dismissed.

{¶ 2} Carrelli and Dreisilker are the biological parents of L.D., born August 21, 2009. On February 19, 2010, the trial court issued a child support order requiring Carrelli to pay monthly child support to Dreisilker, as well as 53 percent of any additional uninsured medical expenses above the first $100 that their son may incur. The trial court's child support order also provided, in pertinent part:

> The individual who is to be reimbursed for out-of-pocket medical * * * expenses paid for the parties' minor children is the person who incurred the expense. Absent unusual circumstances, or court order to the contrary, request for reimbursement of health care expenses should be made within 30 days of the date when payment is made or due. Reimbursement should be made with 30 days of the request.

{¶ 3} On September 12, 2013, Dreisilker filed a motion for contempt against Carrelli alleging Carrelli had not paid his portion of their son's medical expenses. Thereafter, on October 3, 2013, Dreisilker filed an amended motion for contempt and a motion to compel discovery. A hearing on Dreisilker's motions was then held before a magistrate on December 9, 2013, during which the parties agreed that Carrelli would pay $400 to reimburse Dreisilker for her attorney fees in exchange for her various motions being dismissed. The magistrate accepted the parties' agreement and issued a decision on the matter later that day. Carrelli subsequently mailed $399.76 in one dollar bills, quarters, and other change to Dreisilker.

{¶ 4} On May 5, 2014, Dreisilker filed a renewed motion for contempt alleging Carrelli had still not paid his portion of their son's medical expenses, a motion she later amended on June 4, 2014. A hearing was then held before a magistrate on October 28, 2014. At the hearing, the magistrate heard testimony from both Dreisilker and Carrelli, which included uncontroverted testimony that Carrelli had not paid his portion of their son's medical expenses and that he now owed child support arrearages in the amount of $11,821.54.

{¶ 5} On November 6, 2014, the magistrate issued a decision finding Carrelli in contempt for failing to pay his child support obligations. Carrelli then filed objections to the

magistrate's decision, which the trial court denied on February 18, 2015. In so holding, the trial court found Carrelli had not made a timely child support payment to Dreisilker in over a year. In addition, as it relates to Carrelli's failure to pay his portion of his son's medical expenses, the trial court found:

> Since [Carrelli] received [L.D.'s] medical bills he has been given ample time to reimburse [Dreisilker] but he has chosen not to. Instead, [Carrelli] alleges that [Dreisilker] never provided him with the actual bills. [Carrelli] also claims he should not have to pay because [Dreisilker] did not request reimbursement in a timely manner.

> While the Court recognizes that not all the bills were presented to [Carrelli] within thirty days of payment as the court order provides, nothing precludes the Court from finding [Carrelli] accountable for a portion of these expenses. [Dreisilker] is simply requesting that [Carrelli] assist in the paying for [their son's] routine medical costs that her insurance does not cover. Additionally, the Court finds that there were unusual circumstances that prevented [Dreisilker] from contacting [Carrelli]. The parties were eventually ordered to only communicate via Family Wizard, a program which facilities the exchange of information regarding the minor child. [Carrelli] failed to register for said program.

The trial court also found it clear that Carrelli's previous $400 payment to Dreisilker following the December 9, 2013 motion hearing was for "attorney fees" and that the "record even explains that [Carrelli] has outstanding medical expenses he owes [Dreisilker] that could be the subject of future litigation."

{¶ 6} After finding Carrelli in contempt, the trial court recommended Carrelli be sentenced to ten days in jail. The trial court further determined that Carrelli could purge the contempt charge by (1) making all his child support payments in full and on time, (2) paying an additional $1,000 towards his child support arrearages, and by (3) providing Dreisilker with $1,210.62 to reimburse her for her attorney fees and his portion of their son's medical expenses. A final sentencing and purge hearing was scheduled for May 28, 2015. However, rather than filing a timely notice of appeal from the trial court's decision finding him in

contempt, Carrelli appeared at the May 28, 2015 hearing and purged himself of the contempt charge. The next day, May 29, 2015, Carrelli filed a notice of appeal from the trial court's decision finding him in contempt, raising the following two assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} IN A CHILD SUPPORT MATTER, THE TRIAL COURT ERRED IN ADOPTING THE DECISION OF THE MAGISTRATE FINDING CLEAR AND CONVINCING EVIDENCE TO HOLD FATHER IN CONTEMPT FOR NON-PAYMENT OF MEDICAL BILLS.

{¶ 9} Assignment of Error No. 2:

{¶ 10} IN A CHILD SUPPORT CONTEMPT MATTER, THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE CHANGE IN FINANCIAL CIRCUMSTANCES OF THE FATHER.

{¶ 11} In his first assignment of error, Carrelli argues the trial court erred by finding him in contempt for failing to pay his portion of his son's medical expenses. Carrelli also argues the trial court erred by not providing him with a $400 credit on his son's medical expenses he claims he already paid to Dreisilker following the December 9, 2013 motion hearing. Thereafter, in his second assignment of error, Carrelli argues the trial court erred by failing to consider his decreased income prior to finding him in contempt.

{¶ 12} "Disobedience to court orders may be punished by contempt." *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 11; R.C. 2705.02(A). To support a contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the offending party violated such order. *Hetterick v. Hetterick*, 12th Dist. Brown No. CA2012-02-002, 2013-Ohio-15, ¶ 35. In reviewing a trial court's finding of contempt, an appellate court will not reverse such a finding absent an abuse of discretion. *Grow v. Grow*, 12th Dist. Butler Nos. CA2010-08-209, CA2010-08-218, and CA2010-11-301, 2012-Ohio-

- 4 -

1680, ¶ 73. An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13} At the outset, and in an effort to avoid any future confusion as to the proper time to file an appeal from a trial court's contempt order, we note that "a court order finding a party in contempt and imposing a sentence conditioned on the failure to purge is a final, appealable order on the issue of whether the party is in contempt of court." *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, ¶ 23. Pursuant to App.R. 4(A), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." However, a separate right of appeal may exist where a contemnor wishes to challenge "whether the purge conditions have been met following execution of sentence on the failure to purge." *Docks Venture.*

{¶ 14} In this case, Carrelli was found in contempt on February 18, 2015. The trial court imposed a conditional sentence and offered Carrelli an opportunity to purge the contempt charge. A final, appealable order was therefore issued. *Id.* at ¶ 21-23. Carrelli could have, and should have, appealed the February 18, 2015 order if he wished to challenge the trial court's underlying finding of contempt. He did not do so. Rather, Carrelli waited to appeal the finding of contempt until *after* the final purge hearing was held on May 28, 2015. Therefore, by failing to timely appeal from the trial court's February 18 entry finding him in contempt, Carrelli "waived his right to dispute the propriety of the contempt order, as well as the purge conditions ordered by the court." *Bostick v. Bostick*, 2d Dist. Champaign No. 2014-CA-22, 2015-Ohio-455, ¶ 13.

{¶ 15} Moreover, as the record reveals, Carrelli complied with the trial court's purge conditions and purged himself of the contempt charge. "An appeal from a finding of

contempt becomes moot when the offender either purges himself of the contempt or serves the sentence." *Dotts v. Schaefer*, 5th Dist. Tuscarawas No. 2014 AP 06 0022, 2015-Ohio-782, ¶ 21; *Columbus v. Cicero*, 10th Dist. Franklin No. 12AP-407, 2013-Ohio-3010, ¶12; *Sypherd v. Sypherd*, 9th Dist. Summit No. 25815, 2012-Ohio-2615, ¶ 37; *see also Docks Venture*, 2014-Ohio-4254 at ¶ 22 ("if Dashing Pacific had avoided the sanction by purging the contempt, then it would have rendered its appeal moot"). Therefore, because Carrelli complied with the trial court's purge conditions, thereby purging himself of the contempt charge, we find this matter has also been rendered moot.

{¶ 16} Nevertheless, even if this matter was properly before this court, and should this matter arise again, we would still find no merit to Carrelli's claims. For instance, Carrelli argues the trial court erred by finding him in contempt for failing to pay his portion of his son's medical expenses since Dreisilker never told him that any of his son's medical expenses had become due. However, as the record reveals, Carrelli failed to pay any portion of his son's medical expenses even after Dreisilker provided him with notice of those expenses, something which the trial court found he had "ample time" to do.

{¶ 17} Furthermore, just like the trial court before us, we would find unusual circumstances prevented Dreisilker from contacting Carrelli in order to request reimbursement from him. This includes undisputed evidence that Carrelli never registered for Family Wizard as specifically instructed by the trial court. As Dreisilker testified:

> [DREISILKER'S TRIAL COUNSEL]: And there was an Order down that the only way for you to communicate [with Carrelli] was through the Family Wizard back in 2012, correct?
>
> MS. DREISILKER.: Yes.
>
> [DREISILKER'S TRIAL COUNSEL]: And he never signed up for the Family Wizard?
>
> MS. DREISILKER: Right.

[DREISILKER'S TRIAL COUNSEL]: And so you never had an opportunity to provide him with any medical bills?

MS. DREISILKER: Correct.

[DREISILKER'S TRIAL COUNSEL]: And that's how they were supposed to be exchanged?

MS. DREISILKER: Yes.

Therefore, Carrelli's first argument would lack merit.

{¶ 18} Next, as it relates to Carrelli's claim the trial court erred by not providing him with a $400 credit on his son's medical expenses following the December 9, 2013 motion hearing, the record plainly shows that the $400 payment made by Carrelli to Dreisilker was to reimburse Dreisilker for her attorney fees. Again, just as the trial court found, this fact was explained to Carrelli on the record at that hearing. Therefore, Carrelli's second argument would also lack merit.

{¶ 19} Finally, Carrelli argues the trial court erred by failing to consider his decreased income prior to finding him in contempt. However, except for his own bare assertion claiming his income had "pretty much gone down the tubes," Carrelli did not provide the trial court with any evidence that he was unable to obtain any additional employment in order to meet his child support obligations, nor did he provide any other evidence indicating his inability to pay. *See Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, ¶ 22. In fact, when specifically asked if he had sought other employment opportunities, Carrelli testified "Um, no." As the trial court correctly found, "[d]ue process does not allow the Court to modify [Carrelli's] child support order in a pending contempt or objection proceeding." Therefore, Carrelli's final argument would likewise lack merit.

{¶ 20} Appeal dismissed.

RINGLAND and HENDRICKSON, JJ., concur.