[Cite as *Souders v. Souders*, 2016-Ohio-3522.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TIFFANY J. SOUDERS, | : | APPEAL NO. C-150552 |
| | | TRIAL NO.  DR-1400927 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| STEPHEN T. SOUDERS, | : | |
| Defendant-Appellant. | : | |

Appeal From:  Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 22, 2016

*Tiffany J. Souders,* pro se,

*Stephen T. Souders,* pro se.

**FISCHER, Presiding Judge.**

{¶1}     Defendant-appellant Stephen T. Souders appeals the trial court's judgment finding him in contempt for failing to pay half of his children's daycare expenses as well as half of his children's unreimbursed medical expenses as set forth in the decree of shared parenting.  We affirm the trial court's judgment.

### Factual and Procedural Posture

{¶2}     Stephen and plaintiff-appellee Tiffany J. Souders were divorced on August 8, 2014. Two children were born during their marriage.  Pursuant to their shared-parenting decree, Stephen was ordered to pay child support of $381.31 per child per month, for a total support order of $762.62 per month effective March 2014.   The decree of shared parenting further provided that the parties would share equally the daycare expenses and unreimbursed medical costs for the children.

{¶3}     On March 20, 2015, Tiffany filed a motion captioned "Contempt for Daycare Expenses, Child Support, Medical Expenses, and Divorce Division of Debt." On March 23, 2015, a summons was served on Stephen.  It contained the mandated notifications in R.C. 2705.031(C) and provided for a hearing date of April 21, 2015.

{¶4}     Stephen appeared before the magistrate on April 21, 2015, and asked the magistrate to appoint counsel to represent him.  He asserted that he was indigent and had no assets.  The magistrate explained that the court could not appoint legal counsel to represent Stephen, but informed him that he could apply to Legal Aid or pursue other options to try and obtain affordable or pro bono counsel.  The magistrate explained that Stephen could proceed with the hearing or seek a continuance to obtain counsel. Stephen requested a continuance to obtain counsel, and the magistrate continued the matter to May 26, 2015, with a warning to Stephen that if he appeared without counsel,

he would have to represent himself. The magistrate's entry granting the continuance to Stephen reflected this admonition.

{¶5} On May 26, 2015, Stephen and Tiffany appeared pro se at the hearing on Tiffany's contempt motion. Tiffany testified that Stephen was obligated to pay one-half of the children's daycare expenses under their decree of shared parenting. Paragraph 13(c) of the parties' decree of shared parenting provided that "[t]he parties shall equally divide all necessary school related fees and expenses. The parties shall also equally divide any necessary daycare costs." Tiffany testified that the parties' children currently attend daycare at a cost of $340.68 a week with each party owing $170.34. Tiffany further testified that from October 15, 2015, to March 20, 2015, Stephen's share of the day care expenses totaled $3,261.46 and that Stephen had not made any payments towards this obligation. Tiffany submitted invoices from the children's daycare center detailing these amounts.

{¶6} Tiffany further testified that Stephen had not paid for his half of the children's unreimbursed medical expenses. Paragraph 11(b) of the parties' shared-parenting decree provides that "any additional uninsured medical, dental, orthodontic, optical, psychological, or psychiatric expenses for the minor children, including deductibles and/or copayments under the health insurance plan, shall be paid as follows: 50% by Father and 50% by Mother." Tiffany testified that she had incurred unreimbursed medical expenses for the children from December 2013 to January 17, 2015, totaling $1,740.78.

{¶7} Stephen testified that he was not working and had not worked since August 29, 2014, when he had suffered a mental breakdown, and that he currently suffers from post traumatic stress disorder (PTSD) and severe depression. He had been terminated from his employment for missing work and had not received any separation

3

pay or unemployment compensation. Stephen testified that he has not had any earned income since August 2014. In April 2015, he began seeing Crystal Williams, a licensed psychologist. Stephen attempted to admit a letter from Dr. Williams stating it was not advisable for Stephen to return to work until May 2016, but the magistrate refused to admit the letter on the basis of hearsay concerns.

{¶8} Stephen testified that he currently takes several medications for his conditions. He claimed that his psychologist had declared him disabled, and that the only reason he had not filed for disability was because of his pride. Stephen submitted no proof of his disability claim other than his own testimony. Stephen further testified that since the parties' divorce, he had sold off assets and had cashed in IRAs in order to make payments toward some of his obligations for his personal needs, as well as his obligations under the parties' divorce decree. Stephen testified that he receives Medicaid for his prescriptions and food stamps. His parents provide him housing at their home and also provide him with some money.

{¶9} Tiffany testified that Stephen may suffer from PTSD and need to be evaluated, but that she believes Stephen can work.

{¶10} The magistrate subsequently issued a decision with findings of fact and conclusions of law. He granted Tiffany's motion and found Stephen in contempt for failing to pay his 50 percent share of the daycare costs for the parties' two children and his 50 percent share of the unreimbursed medical expenses incurred for the parties' children. The magistrate sentenced Stephen to 30 days in jail, but stated that Stephen could purge the contempt if he paid Tiffany $3750.98 for his share of the children's unreimbursed medical expenses and daycare costs and reimbursed Tiffany for the filing fee for the contempt motion.

4

{¶11}   Stephen filed multiple objections to the magistrate's decision, challenging (1) the magistrate's denial of his right to court-appointed counsel, (2) the magistrate's limitation of his evidence, including his refusal to admit a letter from his psychologist stating he was disabled and unable to work, evidence of Tiffany's delay in fulfilling her obligations under the divorce decree and evidence of Tiffany's taking of the tax exemptions for the minor children, (3) the imposition of an excessive purge amount, and (4) the reference to the prior contempt actions against him.

{¶12}   At the hearing on the objections, the trial court admitted Stephen's letter from his psychologist into evidence, but it found the letter legally insufficient to show Stephen's inability to pay. The trial court overruled the remainder of Stephen's objections, except the one in which he had argued that the purge order was excessive, and it adopted the portion of the magistrate's decision not inconsistent with its entry. The trial court found Stephen to be in contempt of court. It sentenced Stephen to 30 days in the Hamilton County Justice Center, but it stayed the sentence until October 5, 2015. The trial court provided that Stephen could purge the contempt by paying $750 per month to Tiffany until the total of $3750.98 for his share of the parties' children's unreimbursed medical expenses and daycare costs was paid in full and by reimbursing Tiffany for her $125 filing fee for the contempt motion.

*Analysis*

{¶13}   We note at the outset that we have jurisdiction to entertain Stephen's appeal. The Ohio Supreme Court has held that a judgment entry finding a party in contempt and imposing a sentence is a final appealable order on the issue of whether the party is in contempt of court, even though the order contains purge conditions. *See Docks Venture L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, ¶ 23; *see also Dreisilker v. Carrelli*, 12th Dist. Warren No.

CA2015-06-052, 2016-Ohio-342, ¶ 13; *Bostick v. Bostick*, 2d Dist. Champaign No. 2014-CA-22, 2015-Ohio-455, ¶ 10 (following *Docks Venture L.L.C.*).

### *Right to Appointed Counsel*

{¶14} In his first assignment of error, Stephen argues that "the trial court erred in denying indigent/financially insolvent defendant–appellant who is without funds to comply with a purge order, the right to appointed counsel when defendant-appellant was informed that he faced the possibility of 60 days of imprisonment if found guilty and a trial court letter [the summons] informed him that he had the right to counsel."

{¶15} R.C. 2705.031 governs the procedure for contempt actions based upon a failure to pay child support. R.C. 2705.031(B)(1) provides that "any party who has a legal claim to any support ordered for a child, * * * may initiate a contempt action for failure to pay the support." R.C. 2705.031(C) further provides that

[i]n any contempt action initiated pursuant to division B of this section, the accused shall appear upon the summons and order to appear that is issued by the court. The summons shall include all of the following:

(1) Notice that failure to appear may result in the issuance of an order of arrest, and in cases involving alleged failure to pay support, the issuance of an order for the payment of support by withholding an amount from the personal earnings of the accused or by withholding or deducting an amount from some other asset of the accused;

(2) Notice that the accused has the right to counsel, and that if indigent, the accused must apply for a public defender or court appointed counsel within three days after receipt of the summons;

(3) Notice that the court may refuse to grant a continuance at the time of the hearing for the purpose of the accused obtaining counsel, if the accused fails to make a good faith effort to retain counsel or to obtain a public defender;

(4) Notice of any potential penalties that could be imposed upon the accused, if the accused is found guilty of contempt for failure to pay support or for a failure to comply with, or an interference with, a parenting time or visitation order or decree;

(5) Notice that the court may grant limited driving privileges under section 4510.021 of the Revised Code pursuant to a request made by the accused, if the driver's license was suspended based on a notice issued pursuant to section 3123.54 of the Revised Code by the child support enforcement agency and if the request is accompanied by a recent noncertified copy of a driver's abstract from the registrar of motor vehicles.

{¶16}    Here, the record reflects that the summons of contempt served upon Stephen contained the mandated notifications outlined in R.C. 2705.031(C). Stephen argues that the trial court violated his due-process rights under the Fourteenth Amendment by failing to appoint counsel to represent him when he was entitled to such court-appointed counsel under R.C. 2705.031 and the Due Process Clause of the United States Constitution.

{¶17}   In *Turner v. Rogers*, 564 U.S. 431, 441, 131 S.Ct. 2507, 180 L.Ed.2d 452 (2011), the United States Supreme Court held that the "Due Process Clause does not automatically require the provision of counsel at civil contempt proceedings to an indigent individual who is subject to a child support order, even if that individual faces incarceration (for up to a year)."  In particular, the Supreme Court held that the Due Process Clause "does not require the provision of counsel where the opposing parent or other custodian (to whom support funds are owed) is not represented by counsel and the State provides alternative procedural safeguards," including adequate notice that the ability to pay is a pivotal issue in the contempt proceeding, "a fair opportunity to present, and to dispute, relevant information, and express court findings as to the supporting parent's ability to comply with the support order." *Id.* at 441 and 432; *see Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, paragraph two of the syllabus (finding *Turner* instructive and holding that "the Due Process Clauses of the Ohio and United States Constitutions do not guarantee an indigent parent the right to appointed counsel at a civil-contempt purge hearing").

{¶18}   Here, we cannot conclude the trial court's failure to appoint counsel for Stephen violated any right to court-appointed counsel Stephen may have had under R.C. 2705.031 or the Due Process Clause.  Stephen did not follow the procedure outlined in R.C. 2705.031(C).  He presented no evidence that he had applied for a public defender or court-appointed counsel.  Nor did he file an affidavit of indigency with the trial court. Furthermore, we cannot conclude the trial court violated Stephen's due-process rights by failing to appoint him counsel where Stephen submitted no documentation to support his claim that he was indigent, both Stephen and Tiffany appeared pro se, and the record reflects that Stephen was

provided with all the procedural safeguards delineated by the United States Supreme Court in *Turner*. As a result, we overrule his first assignment of error.

### *Inability to Pay*

{¶19} In his second assignment of error, Stephen argues that the trial court erred in finding his evidence was insufficient to meet his burden to show he was unable to pay his half of the children's daycare costs and unreimbursed medical expenses.

{¶20} In a civil-contempt proceeding, the movant bears the burden of demonstrating by clear and convincing evidence that the other party has violated an order of the court. Once the movant has met his or her burden, the burden then shifts to the other party to either rebut the showing of contempt or demonstrate an affirmative defense by a preponderance of the evidence. *See Pugh v. Pugh*, 15 Ohio St.3d 136, 139-140, 472 N.E.2d 1085 (1984). The "inability to pay is a defense in a civil contempt proceeding and the burden of proving the inability is on the party subject to the contempt order." *Liming*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, at ¶ 20; *Brockmeier v. Brockmeier*, 91 Ohio App.3d 689, 694, 633 N.E.2d 584 (1st Dist.1993).

{¶21} At the hearing on the objections, the trial court accepted into evidence the letter from Stephen's psychologist in which she opined that Stephen should be off work until May 2016. But the trial court found the letter legally insufficient to support Stephen's claim that he could not work, emphasizing that the letter provided no diagnosis, no method of treatment, and no reason why May 2016 had been chosen for Stephen's return to work. Furthermore, it noted that Stephen had acknowledged that he had looked for work, although he had limited his job search to applying for work as a security guard at two local colleges.

{¶22} Stephen argues that the trial court erred by discounting his psychologist's letter and his testimony before the magistrate, but we cannot conclude the trial court erred in determining that Stephen had failed to present credible evidence to support his position that he could not pay his children's expenses as required under the decree of shared parenting. He introduced no documentary evidence to support his testimony that he was too disabled to work, outside of the conclusory letter from his psychologist, which opined that he was unable to work until May 2016. In what appears to be a contradiction, Stephen testified that he had applied for work, but had limited his job search to two specific employers. Thus, the trial court did not err in concluding that Stephen's evidence was not credible and that he had failed to meet his burden of demonstrating an inability to pay. *See Dreisilker,* 12th Dist. Warren No. CA2015-06-052, 2016-Ohio-342, at ¶ 19*; McCree v. McCree,* 7th Dist. Mahoning No. 08 MA 109, 2009-Ohio-2639, ¶ 18-24; *Parker v. Elsass,* 10th Dist. Franklin Nos. 01AP-1306, 02AP-15 and 02AP-144, 2002-Ohio-3340, ¶ 38; *Carter v. Carter*, 2d Dist. Montgomery Nos. C-14409, 14530 and 14574, 1994 Ohio App. LEXIS 5215, *32-33 (Nov. 23, 1994). As a result, we overrule his second assignment of error.

### *Exclusion of Evidence at the Contempt Hearing*

{¶23} In his fourth and fifth assignments of error, Stephen argues the trial court erred in not allowing him to present evidence that would have likely mitigated, if not exonerated him of his obligation to pay his child support. Stephen argues that the trial court denied him the right to show the financial hardship that had been caused to him by Tiffany's delay in fulfilling her obligations under the divorce decree and by taking the tax exemptions for the minor children.

{¶24} A trial court has broad discretion in the admission of evidence. *See Knowlton v. Schultz*, 179 Ohio App.3d 497, 2008-Ohio-5984, 902 N.E.2d 548, ¶ 27

(1st Dist.2008). Thus, its decision will not be reversed on appeal absent an abuse of discretion. *LeMarr v. LeMarr*, 1st Dist. Hamilton No. C-100706, 2011-Ohio-3682, ¶ 11. An abuse of discretion connotes more than an error of law or judgment, rather it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶25} The record reflects that the magistrate disallowed the line of questioning about Tiffany's actions, stating that if Stephen wanted Tiffany to be found in contempt he should file that motion. The trial court overruled Stephen's objection regarding the magistrate's exclusion of this evidence, finding that Stephen's questioning regarding the tax exemptions was irrelevant to the issue before the court. The trial court held that because Stephen was not working, he presumably would not have used the tax exemptions, and that Tiffany's delay in paying him $3,500 pursuant to the divorce decree was not proof of any financial hardship. Based on our review of the record, we find no abuse of discretion. We, therefore, overrule Stephen's fourth and fifth assignments of error.

### *Reasonableness of the Purge Order*

{¶26} In his sixth assignment of error, Stephen argues the trial court abused its discretion by issuing an unreasonably excessive purge order, with which the trial court knew he was unable to comply because of his medical conditions.

{¶27} "A sanction for civil contempt must allow the contemnor the opportunity to purge [himself] of the contempt prior to the imposition of any punishment." *Columbus v. Cicero*, 10th Dist. Franklin No. 12AP-407, 2013-Ohio-3010, ¶ 31. "The contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as ordered." *McCrae v. McCrae*, 1st Dist. Hamilton No. C-110743, 2012-Ohio-2463, ¶ 6, quoting *Brown v. Executive 200, Inc.*,

11

64 Ohio St.2d 250, 253, 416 N.E.2d 610 (1980); *see In re Thomas*, 1st Dist. Hamilton No. C-030429, 2004-Ohio-373, ¶ 5.

{¶28} The record reflects that the magistrate's contempt order allowed Stephen to avoid incarceration by paying the lump sum of $3750.98 for his share of the children's unreimbursed medical expenses and daycare costs, and reimbursing Tiffany for the filing fee for the contempt motion. Stephen objected to the magistrate's purge order, arguing it was unreasonable. The trial court agreed and sustained in part Stephen's objection. It altered the purge order from a lump-sum payment of $3750.98 to a monthly payment of $750 until the total of $3750.98 was paid in full. The trial court, however, adopted the portion of the purge order requiring Stephen to reimburse Tiffany for the filing fee for the contempt motion.

{¶29} Stephen argues that the purge order is still unreasonable given the evidence of his medical condition and his inability to work. But, as set forth in our disposition of Stephen's second assignment of error, the record reflects that Stephen has not demonstrated that his medical condition has rendered him unable to pay his court-ordered obligations. Given the trial court's determination that Stephen produced no credible evidence that his mental health prevented him from working, coupled with Stephen's own testimony that he had only sought employment with two specific employers, he was living with his parents who gave him money, and he had no living expenses outside of his court-ordered obligations to his children, we cannot conclude that the trial court's purge order was unreasonable. *See Ryan v. Ryan*, 10th Dist. Franklin No. 14AP-28, 2014-Ohio-3049, ¶ 17-20. As a result, we overrule his sixth assignment of error.

### *Waiver of Remaining Assignments of Error*

{¶30} In his third assignment of error, Stephen argues the trial court erred by allowing into evidence exhibits that were so disorganized it created an undue burden on him to refute them during the trial before the magistrate. In his seventh and eighth assignments of error, Stephen challenges the trial court's order requiring him to pay one-half of the children's unreimbursed medical expenses. He argues the trial court erred by holding him in contempt for failing to pay his share of the unreimbursed medical expenses because Tiffany failed to comply with the shared-parenting plan by timely providing him with copies of the invoices detailing such expenses and by improperly calculating the amount of the unreimbursed medical expenses.

{¶31} Stephen did not raise these challenges in his objections to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) states that "except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(b)(d)." Thus, because Stephen failed to object to these factual findings and legal conclusions, absent plain error, he has forfeited the right to assign them as error on appeal. *See Neu v. Neu*, 1st Dist. Hamilton No. C-140170, 2015-Ohio-1466, ¶ 22-24. As Stephen has not alleged any plain error on appeal, and we find no plain error based upon our review of the record, we overrule Stephen's third, seventh, and eighth assignments of error. Having found no merit in any of Stephen's assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**HENDON** and **STAUTBERG, JJ.,** concur.


Please note:

The court has recorded its own entry this date.

