[Cite as *In re $593 US Currency Seized From Moore*, 2017-Ohio-7330.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: $593 U.S. CURRENCEY : | | APPEAL NO. C-160601 |
| SEIZED FROM NOAH MOORE | | TRIAL NO. M-1500742 |
| : | | |
| : | | *O P I N I O N.* |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  August 25, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Jeremiah Seebohm,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David H. Hoffman*, for Appellant.

**MILLER, Judge.**

{¶1}   The primary issue in this case is whether an interested party's actual notice of a pending forfeiture action renders strict compliance with the notice requirement in former R.C. 2981.05(B) unnecessary. Following Ohio Supreme Court precedent, we hold that it does not. *See Ohio Dept. of Liquor Control v. Sons of Italy Lodge 0917*, 65 Ohio St.3d 532, 605 N.E.2d 368 (1992), syllabus.  However, our holding does not entitle Moore to the funds at this time because provisional title remains with the state.  *See State v. North*, 2012-Ohio-5200, 980 N.E.2d 566, ¶ 12 (1st Dist.).

## Facts

{¶2}   Noah Moore was indicted for trafficking in cocaine.  He entered a guilty plea to a reduced charge of attempted possession of cocaine.

{¶3}   The state subsequently filed a civil action, requesting the forfeiture of $593 seized by law enforcement officials from Moore's home at 3111 Dresher Drive. The state attempted certified mail service on Moore at that address. The certified mail was returned as undeliverable.  The state also attempted personal service, but failed.

{¶4}   Despite the lack of service, Moore became aware of the forfeiture proceeding.  He filed an "answer" to the state's complaint, in which he raised the affirmative defense of insufficiency of process under Civ.R. 12(B)(4).   By statute, Moore should have filed a "petition" instead of an "answer."  *See* former R.C. 2981.05(C). Further, it appears that Moore intended to raise the defense of insufficiency of service of process under Civ.R. 12(B)(5), instead of insufficiency of process under Civ.R. 12(B)(4).  These procedural deficiencies were never raised.

2

{¶5} Moore later moved the trial court for summary judgment under Civ.R. 56(C), asking the court to dismiss the complaint with prejudice for failing to perfect service. In his motion, Moore claimed that the trial court was without jurisdiction to proceed because he had not been served by certified mail or by personal service, in accordance with the mandates of the forfeiture statute.

{¶6} A magistrate conducted a hearing on Moore's summary judgment motion and denied it. Moore did not object to the decision within 14 days, as set forth in Civ.R. 53, and the trial court adopted the magistrate's decision.

{¶7} The case proceeded to a forfeiture hearing before a magistrate. Moore appeared and participated. Following the hearing, the magistrate ordered the money forfeited. Moore timely objected, arguing: (1) the trial court lacked subject-matter jurisdiction because Moore had never been properly served; and (2) the state failed to meet its burden to prove that the money was subject to forfeiture based on the commission of a trafficking offense. The trial court overruled these objections and adopted the magistrate's decision as a judgment of the court. This appeal followed.

**Argument**

{¶8} In his first assignment of error, Moore contends that the trial court lacked subject-matter jurisdiction to order a forfeiture because the state had not strictly complied with the notice requirements of former R.C. 2981.05(B). He claims that the court's judgment was void ab initio, and that he is entitled to the $593 that was the subject of the forfeiture hearing.

{¶9} We note that the forfeiture statutes have been amended and renumbered, effective April 6, 2017. The notice provision in the current statute is contained in R.C. 2981.05(F). There are no material differences between the notice requirements in former R.C. 2981.05(B) and the current R.C. 2981.05(F).

Regardless, we apply the statute in effect in June 2015, when the forfeiture action was filed.

{¶10} **The plain error doctrine does not apply.** At the outset, the state argues that we should not address the merits of Moore's argument because he had failed to timely object to the magistrate's decision finding that the court had jurisdiction to proceed with the forfeiture hearing. Civ.R. 53(D)(3)(b)(iv) states that "except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Under Civ.R. 53(D)(3)(b)(i), a party has fourteen days from the filing of a magistrate's decision to object to it. Based on this rule, we have held that where an appellant has failed to object to a magistrate's decision, absent plain error, he has forfeited the right to argue error for the first time on appeal. *See Souders v. Souders*, 1st Dist. Hamilton No. C-150552, 2016-Ohio-3522, ¶ 31.

{¶11} It is true that Moore did not timely object to the magistrate's decision overruling his motion for summary judgment. He did, however, object following the forfeiture hearing. The trial court considered the objection and ruled on it. The state does not argue that the trial court lacked the authority to entertain the objection. Rather, the state contends that the plain error doctrine applies because the objection was untimely. The plain error doctrine exists to review certain types of serious error where such error was not brought to the attention of the trial court. *In re Etter*, 134 Ohio App.3d 484, 492, 731 N.E.2d 694 (1st Dist.1998), citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). Since the error alleged here was brought to the attention of the trial court, and since the trial

4

court ruled on the objection despite the arguable untimeliness of it, the plain error doctrine does not apply. We therefore address this assignment of error on its merits.

{¶12} **The trial court had subject-matter jurisdiction.** Moore's argument pertaining to the court's subject-matter jurisdiction is without merit. "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19, citing *Morrison v. Steiner,* 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). The court of common pleas has "such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." Ohio Constitution Article IV, Section 4(B). It is beyond dispute that the trial court had subject-matter jurisdiction in this case. Former R.C. 2981.05(A) states that "[t]he prosecutor of the political subdivision in which property * * * [sought to be forfeited] is located may commence a civil forfeiture action by filing in the court of common pleas * * * a complaint requesting an order that forfeits the property to the state or a political subdivision."

{¶13} Moore cites *Erie Cty. Sheriff's Office v. Lacy*, 6th Dist. Erie Nos. E–14–023 and E–14–022, 2015-Ohio-72, ¶ 22, for its holding that "strict compliance with the statutory [notice] requirements [in former R.C. 2981.05(B)] is necessary to invoke the subject-matter jurisdiction of the trial court." We reject this holding. Notice is a concept wholly separate from subject-matter jurisdiction. Former R.C. 2981.05(A) unambiguously vested the trial court with subject-matter jurisdiction. The state's failure to perfect service impacts whether this particular proceeding was properly commenced, and not whether the trial court has jurisdiction to hear this class of cases.

{¶14} Just as Moore misidentified his petition as an answer, and his Civ.R. 12(B)(5) notice-defense as a Civ.R. 12(B)(4) insufficiency-of-process defense, Moore has misidentified a failure-of-service argument as a subject-matter jurisdiction argument. While the trial court had subject-matter jurisdiction, we are compelled to reverse its decision because the state failed to strictly comply with the notice requirements in former R.C. 2981.05(B). *See Sons of Italy*, 65 Ohio St.3d 532, 605 N.E.2d 368, at syllabus.

{¶15} **Strict compliance with the notice requirements was mandatory.** In relevant part, former R.C. 2981.05(B) states that "[t]he prosecutor shall give notice of the commencement of the civil action, together with a copy of the complaint, to each person who is reasonably known to have any interest in the property, by certified mail, return receipt requested, or by personal service." In interpreting a nearly identical forfeiture notice requirement in R.C. 2933.43(C), which has since been repealed, the Ohio Supreme Court held in *Sons of Italy* that strict compliance with the statute was mandatory, regardless of whether an interested party had actual notice of the proceeding. *Id.* at syllabus.

{¶16} In *Sons of Italy*, Ohio Department of Liquor control agents, acting upon a complaint of illegal gambling and alcohol consumption, seized video draw poker machines and money from the Sons of Italy Lodge 0917 ("the Lodge"). The department later petitioned for a forfeiture of this property. It served the Lodge by regular mail, and the Lodge appeared at the forfeiture hearing. Following the hearing, the trial court ordered the machines and money forfeited to the department.

{¶17} On appeal, the Lodge argued that because the department had failed to strictly comply with the mandatory notice requirements in former R.C. 2933.43(C), the trial court had erred by ordering a forfeiture. In relevant part,

former R.C. 2933.43(C), which for all practical purposes is identical to former R.C. 2981.05(B) applicable here, provided that "[t]he petitioner then shall give notice of the forfeiture proceedings by personal service or by certified mail, return receipt requested, to any persons known * * * to have an ownership or security interest in the property * * *." In holding that actual notice did not suffice, the Supreme Court reasoned that forfeiture statutes are in derogation of private property rights and, therefore, must be strictly construed to avoid forfeiture. *Id.* at 534. The Court declined to entertain whether "something less than strict compliance" might meet due process requirements. *Id.* at 536. It determined that the statutory notice requirements were mandatory.

{¶18} It is undisputed that the prosecutor failed to serve a copy of the forfeiture complaint on Moore via certified mail or by personal service. The state attempted each type of service, but was unsuccessful. It is also undisputed that Moore had actual notice of the proceeding. But because the prosecutor failed to serve Moore as required by statute, we have no choice but to hold that the trial court erred by ordering a forfeiture. *See In re 1990 Lexus*, 1st Dist. Hamilton No. C-990403, 2000 WL 331627 (March 31, 2000) (holding that strict compliance with the notice requirements of the former forfeiture statute was mandatory); *State v. Rosa*, 8th Dist. Cuyahoga No. 90921, 2008-Ohio-5267 (holding that the trial court properly denied the state's petition for forfeiture where the interested party had actual notice of the proceeding and appeared at the hearing, but where the state failed to strictly comply with statutory notice requirements).

{¶19} We are cognizant that an interested party could frustrate the state's attempts at a forfeiture award by refusing certified mail service. However, the

supreme court precedent is clear, and the state has the option to personally serve interested parties.

{¶20} **Moore is not entitled to the $593 seized.** While Moore is correct that the trial court erred by ordering a forfeiture, the state's failure to strictly comply with the notice requirements in former R.C. 2981.05(B) does not entitle Moore to the $593, as he contends. Former R.C. 2981.03(A)(2) permits a law enforcement officer to seize property that the officer has probable cause to believe is subject to forfeiture. Once this occurs, and before a final forfeiture adjudication, the state or political subdivision holds provisional title to the property. *North*, 2012-Ohio-5200, 980 N.E.2d 566, at ¶ 12, citing former R.C. 2981.03(A)(1). The state, therefore, still holds provisional title to the $593. We find no law, and Moore cites none, that would automatically entitle him to an award of this money.

{¶21} **Weight and sufficiency challenges are moot.** In his second assignment of error, Moore argues that the trial court's judgment is not supported by sufficient evidence, and that it is against the manifest weight of the evidence. Resolution of Moore's first assignment of error renders the second moot. *See* App.R. 12(A)(1)(c).

## Conclusion

{¶22} We therefore sustain Moore's first assignment of error to the extent that the trial court erred by ordering a forfeiture on the ground that the state had failed to strictly comply with the mandatory notice requirements in the forfeiture statute. We overrule it to the extent that Moore contends the trial court was without subject-matter jurisdiction to order a forfeiture.

8

{¶23}   We reverse the trial court's judgment and remand this cause for the trial court to (1) enter an order vacating its judgment ordering a forfeiture, and (2) dismiss the case numbered M-1500742.

Judgment accordingly.

**MYERS, P.J.,** and **DETERS, J.,** concur.

