The STATE of Ohio, Appellee,

v.

HILLIS, Appellant.

[Cite as *State v. Hillis,* 162 Ohio App.3d 280, 2005-Ohio-3591.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040174.

Decided July 15, 2005.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee.

McKinney & Namei Co., L.P.A., Firooz T. Namei, and Erin R. Espenschied, for appellant.

———————

Doan, Presiding Judge.

{¶ 1} On September 25, 1995, defendant-appellant, George R. Hillis, pleaded no contest to two counts of felonious sexual penetration and one count of gross sexual imposition.[1]  He was sentenced to concurrent terms of six to 25 years' incarceration.  On December 3, 2003, the trial court ordered Hillis to be returned from the Hocking Correctional Facility for the purpose of determining whether he should be classified as a sexual predator pursuant to R.C. 2950.09 et seq.

{¶ 2} The sexual-offender-classification hearing was to commence January 9, 2004.  The case was continued twice, in part because Hillis was unable to hear the proceedings.  Hillis's hearing aid had been left at the prison, and it was necessary for him to be fitted with a new one.  During the time that Hillis was waiting for his new hearing aid, Dr. Carla Dreyer, the court-appointed psychologist, interviewed him for the purpose of assessing his risk for committing a sexually oriented offense in the future.

{¶ 3} The sexual-offender-classification hearing was held on March 5, 2004.  Hillis, his niece, and his great-nephew testified for the defense.  Hillis also presented the testimony of Lowell Scott, who had fitted Hillis for his hearing aid.  Scott testified that "for all practical purposes" Hillis was deaf in his right ear.  According to Scott, Hillis had a 65 percent hearing loss in his left ear.  Scott stated that average human speech was about 55 decibels.  Without a hearing aid, Scott testified, Hillis could not hear any speech below 65 to 70 decibels.  Scott stated that the psychologist would have had to speak at 70 decibels in order for Hillis to comprehend any of her questions.  Scott testified that a hearing-impaired person would tend to agree with what an authority figure was saying even if the person was unable to hear what was being said.

{¶ 4} Dr. Dreyer testified that she interviewed Hillis for the purpose of determining whether he was likely to commit a sexually oriented offense in the future.  She testified that she found an actuarially determined 33 to 40 percent probability that Hillis would reoffend within the next 15 years.  Dr. Dreyer

---

1. The trial court's sentencing entry states that Hillis pleaded guilty, but the transcripts of the plea hearing and the sentencing hearing clearly reflect that Hillis pleaded no contest to the charges.

stated that Hillis was not wearing a hearing aid when she interviewed him, but that he was able to answer her questions when she raised her voice. She also stated that Hillis was of borderline intelligence.

{¶ 5} Following the testimony, defense counsel requested that the hearing be continued in progress for "a few days" in order to present the testimony of the defense's expert psychologist, Dr. David Hellkamp, a professor at Xavier University. Defense counsel stated that Dr. Hellkamp was out of town for a commitment that he had tried to postpone but could not. Counsel stated that he had just found out that Dr. Hellkamp was out of town and unavailable for the hearing. Dr. Hellkamp had been Dr. Dreyer's college professor. Defense counsel proffered that Dr. Hellkamp would have testified that Dr. Dreyer's report was flawed and that if she had still been his student, he would have given the report "an F, and maybe a D minus." The trial court acknowledged on the record that when the court first got Dr. Dreyer's report the court called defense counsel saying that there were some "problems." In spite of the problems, the trial court denied defense counsel's request for a continuance.

{¶ 6} The prosecutor submitted the grand-jury transcript, the presentence investigation, Hillis's criminal record; and Dr. Dreyer's testimony and report. Based upon all the evidence, the trial court found Hillis to be a sexual predator.[2] Hillis has appealed.

{¶ 7} Hillis's first assignment of error alleges that the trial court abused its discretion in denying his motion to continue the hearing in progress so that the defense could present Dr. Hellkamp's testimony.

{¶ 8} The issue to be decided in a sexual-offender-classification hearing is whether the defendant is likely to engage in the future in a sexually oriented offense. See *State v. Eppinger* (2001), 91 Ohio St.3d 158, 743 N.E.2d 881. In order to adjudicate Hillis a sexual predator, the trial court had to find by clear and convincing evidence that Hillis had been convicted of a sexually oriented offense and was likely to engage in the future in one or more sexually oriented offenses. See id.; R.C. 2950.01(E). In *Eppinger*, the Ohio Supreme Court recognized that expert testimony may be required to determine whether an offender is likely to commit a sexually oriented offense in the future and that "the evidence presented by a psychologist, psychiatrist, or other expert in the field of predicting future behavior may be the best tool available to the court to assist it in making" the determination. Id. at 163, 743 N.E.2d 881. The *Eppinger* court

---

**2.** On the judgment entry following the sexual predator hearing, the trial court checked the space indicating that Hillis committed and was sentenced for a sexually oriented offense on or after January 1, 1997. The record shows, however, that Hillis was convicted of the instant offenses on September 25, 1995, and sentenced on October 23, 1995.

stated that "either side" in a sexual-offender-classification hearing should be allowed to present expert opinion by testimony or written report to assist the trial court in determining whether an offender is likely to commit a sexually oriented offense in the future. Id. at 166, 743 N.E.2d 881.

{¶ 9} The decision to grant or deny a continuance is within the trial court's discretion, and it will not be reversed absent an abuse of that discretion. See *State v. Unger* (1981), 67 Ohio St.2d 65, 21 O.O.3d 41, 423 N.E.2d 1078. A decision that is unreasonable, arbitrary, or unconscionable constitutes an abuse of discretion. See *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144. "The answer to whether an abuse of discretion has occurred in the denial of a continuance must be found in the circumstances of each individual case, particularly the reasons presented to the trial court at the time of the request." See *State v. George*, 1st Dist. No. C–030216, 2004-Ohio-2868, 2004 WL 1231572, at ¶ 49, citing *State v. Unger*, supra.

{¶ 10} In evaluating a motion for a continuance, the trial court should consider (1) the length of the requested delay, (2) whether other continuances have been granted, (3) the inconvenience to the litigants, witnesses, opposing counsel, and the court, (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived, (5) whether the defendant contributed to the circumstance that gives rise to the request for a continuance, and (6) other relevant factors of each case. See *State v. George*, supra, at ¶ 50, citing *State v. Unger*, supra. All the factors must be balanced to determine whether the trial court abused its discretion. See id.

{¶ 11} Hillis requested a delay of "a few days" in order to secure the testimony of his expert witness. The two previous continuances had been granted at least in part because Hillis, through no fault of his own, was unable to hear the proceedings. None of the witnesses would have been inconvenienced, because their testimony was finished. There is no indication in the record that the prosecutor or the trial court would have been unduly inconvenienced by a continuance. Hillis requested the continuance for the legitimate purpose of presenting his own expert witness on the issue of his risk for committing a sexually oriented offense in the future. Hillis proffered that his expert would testify that Dr. Dreyer's report, on which the trial court had relied in adjudicating him a sexual predator, was "flawed." The trial court had indicated on the record that there were problems with Dr. Dreyer's report.

{¶ 12} The importance of fully informing the trier of fact "undeniably weighs in favor of granting a continuance." *State v. Powell* (1990), 49 Ohio St.3d 255, 259, 552 N.E.2d 191. Balancing all of the factors, we hold that the trial court

abused its discretion because it unreasonably denied Hillis's request for a continuance. The first assignment of error is sustained.

{¶ 13} Hillis's second assignment of error, which essentially alleges that the trial court's adjudication of Hillis as a sexual predator was not supported by sufficient evidence and was against the manifest weight of the evidence, is made moot by our disposition of the first assignment of error, and we decline to review it at this time.

{¶ 14} The judgment of the trial court classifying Hillis as a sexual predator is reversed, and the cause is remanded for a new sexual-offender-classification hearing in which Hillis must be given the opportunity to present the testimony of his expert witness in compliance with law and this decision.

Judgment reversed
and cause remanded.

PAINTER and SUNDERMANN, JJ., concur.