[Cite as *Hess v. Satink*, 2016-Ohio-4684.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| GERALD L. HESS, et al. | C.A. No.   27729 |
| Appellees | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| JOHN DAVID SATINK, et al. | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.   CV-2013-11-5583 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2016

---

HENSAL, Presiding Judge.

{¶1}   Appellant, John David Satink, appeals from the judgments of the Summit County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}   Defendant/Appellant John David Satink purchased commercial real estate (the "Property") from Plaintiffs/Appellees Mary Jane and Gerald Hess in September 2003 for $360,000.00.  The Hesses provided seller financing and Mr. Satink executed a promissory note secured by a mortgage, which was recorded with the Summit County Recorder's Office.

{¶3}   The Property consists of two parcels that are subject to the same note and mortgage.  Mr. Satink used the Property to operate his business, Ohio Plastics & Safety Products Co.  According to Mr. Satink, the business began declining in 2012, and by August 2013, he had lost over $100,000.00.

{¶4} On July 2, 2013, Mr. Satink transferred Parcel No. 23-00769 (the larger of the two parcels that contained a manufacturing building and warehouse) by quit claim deed to the John D. Satink Irrevocable Trust. Less than two months later, Mr. Satink sent the Hesses a letter enclosing his usual monthly payment, but indicated he was "out of money and [lacked] the ability to make any more payments." By Mr. Satink's own admission, approximately $195,000.00 remained outstanding on the promissory note at that time.

{¶5} True to his word, Mr. Satink made no further payments on the promissory note. As a result, the Hesses initiated a lawsuit against him and the trustees of the John D. Satink Irrevocable Trust, asserting the following causes of action: (1) breach of purchase agreement and promissory note; (2) fraudulent transfer; and (3) foreclosure.

{¶6} During the course of discovery, Mr. Satink failed to timely respond to the Hesses' requests for admissions despite receiving an extension of time within which to respond. Accordingly, the Hesses moved the trial court to deem the requests admitted under Civil Rule 36(A)(1), which the trial court granted. Relying, in part, on these admissions, the Hesses moved for summary judgment on all three claims. Mr. Satink opposed their motion and filed his own motion for partial summary judgment with respect to the Hesses' fraudulent transfer claim only. The trial court denied Mr. Satink's motion for partial summary judgment and granted summary judgment in favor of the Hesses on all three claims.

{¶7} The trial court ordered a damages hearing before the magistrate, who ultimately awarded the Hesses $9,738.00 in attorney's fees and $50,000.00 in punitive damages. In response, Mr. Satink filed a document captioned, "Defendant Satink's Reply Brief in Opposition to Magistrate Decision," which the trial court struck from the record as being untimely, but also

noted that it failed to comply with the requirements of Civil Rule 53(D)(3)(b)(ii). The trial court adopted the magistrate's decision and entered judgment in favor of the Hesses.

{¶8} Following the judgment entry in favor of the Hesses, Mr. Satink filed a notice of appeal and moved the trial court to stay the execution of the judgment, which the trial court denied. After reviewing the initial filings, this Court dismissed Mr. Satink's first attempted appeal for lack of jurisdiction because the trial court did not resolve all of the outstanding issues concerning the foreclosure claim. Therefore, we held that the trial court's decision was not a final, appealable order. The trial court subsequently issued a decree of foreclosure that resolved the outstanding issues such that this Court now has jurisdiction to consider Mr. Satink's appeal.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY DEEMING THE APPELLEES' REQUEST FOR ADMISSIONS ADMITTED BY THE APPELLANT.

{¶9} In his first assignment of error, Mr. Satink argues that the trial court erred in deeming the Hesses' requests for admissions admitted. Mr. Satink also argues that the admissions are not dispositive for purposes of summary judgment such that genuine issues of material fact remained to be litigated.

{¶10} It is well settled in Ohio that unanswered requests for admissions cause the matter requested to be conclusively established for the purpose of the suit, and that a motion for summary judgment may be based on such admitted matters. *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985); *Mgt. Recruiters-Southwest v. Holiday Inn-Denver*, 9th Dist. Medina No. 2582-M, 1997 WL 209137, *2 (Apr. 23, 1997); *Klesch v. Reid*, 95 Ohio App.3d 664, 675 (8th Dist.1994). As this Court has stated, "a party's failure to timely respond to request[s] for

admissions results in default admissions * * * 'which the court must recognize.'" *Marusa v. Brunswick*, 9th Dist. Medina No. 04CA0038-M, 2005-Ohio-1135, ¶ 20, quoting *Willis* at 67. "From a practical standpoint, however, a party typically moves the trial court to 'deem' the matters admitted to bring the issue to the trial court's attention and to make the default admissions, which may not have been filed previously with the court, part of the trial court record." *Id.*

{¶11} Here, the Hesses propounded their first set of requests for admissions on January 28, 2014. During a pretrial on February 25, 2014, Mr. Satink requested additional time to respond to the outstanding discovery. The Hesses agreed to a two-week extension, making Mr. Satink's responses due no later than March 14, 2014. Having received no responses to their requests for admissions by that time, the Hesses moved the trial court to deem the requests admitted, which it granted.

{¶12} More than two months later, and after the Hesses filed their motion for summary judgment, Mr. Satink moved the trial court for leave to file his responses to the Hesses' requests for admissions and for reconsideration of its order deeming them admitted. In his motion, Mr. Satink argued that "the press of business as an accountant during tax season, complicated by a serious illness" rendered him unable to timely respond to the Hesses' requests for admissions. The trial court denied Mr. Satink's motion and, through the same order, granted the Hesses' motion for summary judgment.

{¶13} On appeal, Mr. Satink asserts that he did not receive communication regarding his case prior to April 10, 2014, because his attorney "resigned, went on vacation," and withdrew from the case. He, therefore, argues that the trial court abused its discretion by failing to allow him to withdraw his admissions. As previously noted, however, Mr. Satink argued at the trial

court that the press of business and an illness rendered him unable to timely respond to the requests. Mr. Satink cannot assert a new theory, i.e., that his attorney did not communicate with him, in support of his position for the first time on appeal. *See Cincinnati Equitable Ins. Co. v. Sorrell*, 9th Dist. Lorain No. 05CA008703, 2006-Ohio-1906, ¶ 26 ("It is well established that an appellant may not assert a new theory for the first time before the appellate court."). Mr. Satink's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT IN WHOLE AND DENYING THE APPELLANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT BY RULING THAT THE APPELLANT FRAUDULENTLY TRANSFERRED REAL ESTATE IN VIOLATION OF OHIO REVISED CODE CHAPTER 1336.

**{¶14}** In his second assignment of error, Mr. Satink argues that the trial court erred by granting the Hesses' motion for summary judgment and denying his motion for partial summary judgment. He argues that the trial court erred because the Hesses failed to proffer competent, credible evidence for Civil Rule 56 purposes such that a genuine issue of material fact remained to be litigated: whether the transfer of Parcel No. 23-00769 to the John D. Satink Irrevocable Trust was fraudulent.

**{¶15}** We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E).

{¶16} Revised Code Section 1336.04 provides, in part, that a transfer is fraudulent when it is made "[w]ith actual intent to hinder, delay, or defraud any creditor[.]" R.C. 1336.04(A)(1). "In determining actual intent * * *, consideration may be given to all relevant factors, including, but not limited to * * * [w]hether the debtor was insolvent or became insolvent shortly after the transfer was made[.]" R.C. 1336.04(B)(9). Additionally, Section 1336.04(A)(2) permits a claim for constructive fraud when a transfer is made:

> [w]ithout receiving a reasonably equivalent value in exchange for the transfer * * *, and if either of the following applies: (a) [t]he debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; (b) [t]he debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

{¶17} Here, it is undisputed that Mr. Satink transferred Parcel No. 23-00769 to the John D. Satink Irrevocable Trust less than two months before informing the Hesses that he could no longer make payments on the promissory note because he was "out of money" and his "cash flow [was] negative." Further, Mr. Satink's admissions established that he did not transfer the property in good faith or for a reasonably equivalent value. *See Mgt. Recruiters-Southwest*, 1997 WL 209137, at *2 (stating that "[a]n admission by default under Civ.R. 36(A) is deemed a written admission competent to support a motion for summary judgment."). In light of this evidence, we find that the Hesses met their initial burden under Civil Rule 56, thereby shifting the burden to Mr. Satink to show that a genuine issue of material fact existed.

{¶18} Rather than dispute the merits of the Hesses' claim, however, Mr. Satink argued below that the fraudulent transfer statute "d[id] not apply." On appeal, in addition to arguing that the Hesses failed to meet their burden under Civil Rule 56, Mr. Satink attempts to dispute the merits of the Hesses' fraudulent transfer claim. Specifically, he argues that, although certain "badges" of fraud existed, they did not "rise to the level of a fraudulent transfer." But as this

Court has explained, when a litigant fails to raise an issue in the trial court, the litigant forfeits its right to raise that issue on appeal. *Akron ex rel. Christman-Resch v. Akron*, 159 Ohio App.3d 673, 2005-Ohio-715, ¶ 36 (9th Dist.). Because Mr. Satink did not raise this issue below, we decline to address the merits of his argument.

{¶19} In light of the foregoing, we hold that the trial court did not err by granting summary judgment in favor of the Hesses because no genuine issue of material fact remained regarding their fraudulent transfer claim. Mr. Satink's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ENTERING A DECREE OF FORECLOSURE AND EXECUTING THEREON DESPITE GENUINE ISSUES OF MATERIAL FACT REGARDING AFFIRMATIVE DEFENSES AND ARGUMENTS RAISED BY THE APPELLANT.

{¶20} In his third assignment of error, Mr. Satink argues that he "properly raised [certain affirmative] defenses and issues[,] and submitted competent, credible evidence which, at the very least, proved the existence of genuine issues of material facts." Therefore, he argues, the trial court erred by granting a decree of foreclosure.

{¶21} We, however, need not address the merits of Mr. Satink's assignment of error because the property was sold at a sheriff's sale back to Mr. Hess, the trial court confirmed the sale, and the proceeds have been distributed. We have held that "[i]n foreclosure cases, as in all other civil actions, after the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action." *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 16. Accordingly, we dismiss this assignment of error as moot. *Id.*

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY IMPOSING PUNITIVE DAMAGES AND SANCTIONS, WHETHER IN WHOLE OR IN PART, AGAINST THE APPELLANT.

{¶22} In his final assignment of error, Mr. Satink argues that the trial court abused its discretion by awarding the Hesses punitive damages and attorney's fees. He argues that the Hesses failed to request such damages and that, assuming the Hesses proved their fraudulent transfer claim, they were fully compensated through the foreclosure process. In response, the Hesses argue that Mr. Satink waived this argument because he did not raise it in his document captioned, "Defendant Satink's Reply Brief in Opposition to Magistrate Decision," which the trial court struck from the record as untimely. Accordingly, they argue that Mr. Satink waived all but plain error with respect to this issue.

{¶23} We agree that Mr. Satink has forfeited all but plain error on this issue because he failed to timely object to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv). Mr. Satink, however, has not advanced a plain error argument on appeal. *See* App.R. 16(A)(7). Therefore, Mr. Satink's fourth assignment of error is overruled.

III.

{¶24} Mr. Satink's assignments of error are overruled. The judgments of the Summit County Court of Common Pleas are affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.


APPEARANCES:

SAM THOMAS, III, Attorney at Law, for Appellant.

JAMES M. MCHUGH, Attorney at Law, for Appellees.