[Cite as *Hudson v. Lager & Vine Gastro Pub & Wine Bar*, 2018-Ohio-2802.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| SELMA G. HUDSON | C.A. No. 17CA0085-M |
|---|---|

Appellant

v.

LAGER & VINE GASTRO PUB & WINE
BAR, et al.

Appellants

APPEAL FROM JUDGMENT
ENTERED IN THE
MEDINA MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No. 16 CVH 00618

DECISION AND JOURNAL ENTRY

Dated: July 16, 2018

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, Selma Hudson, appeals the decision of the Medina Municipal Court granting summary judgment in favor of Defendants-Appellees, Lager & Vine Gastro Pub & Wine Bar and Lager & Vine, LLC (collectively "Lager & Vine"). This Court affirms.

I.

{¶2} On December 17, 2014, Ms. Hudson was a patron at Lager & Vine's dining establishment. Ms. Hudson used Lager & Vine's restroom facilities, wherein she slipped and fell on a wet spot. Ms. Hudson sustained significant physical injuries as a result of her fall.

{¶3} Ms. Hudson filed her complaint against Lager & Vine on April 11, 2016, alleging a claim of negligence. Thereafter, Lager & Vine moved the trial court for summary judgment on Ms. Hudson's claims. Ms. Hudson opposed the motion for summary judgment, and filed a "motion to strike [Lager & Vine]'s affidavit of Clifton M. Cravens and [Lager & Vine]'s Exhibits 1-8 referenced therein and all related references in the record[.]"

**{¶4}** On May 19, 2017, the magistrate issued a decision finding no genuine issues of material fact were in dispute, and summary judgment should be granted in favor of Lager & Vine as a matter of law because the hazard was "observable, open, and obvious." In the decision, the magistrate stated that Ms. Hudson's "[m]otion to [s]trike the deposition and deposition exhibits 1 through 8 of Clifton M. Cravens is granted." The magistrate indicated that in ruling on the summary judgment motion the court was considering, inter alia, "Hudson deposition exhibits 1 through 8, which [Ms. Hudson] authenticated in her deposition."

**{¶5}** The decision contained the following language:

**EITHER PARTY MAY FILE OBJECTIONS TO A MAGISTRATE'S DECISION. ANY OBJECTIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE DATE THE MAGISTRATE'S DECISION WAS FILED. OBJECTIONS MUST BE ACCOMPANIED BY A $15.00 FILING FEE. A COPY OF A TRANSCRIPT OF THE ORIGINAL PROCEEDINGS PREPARED BY A CERTIFIED COURT REPORTER MUST BE FILED WITHIN THIRTY (30) DAYS OF THE DATE THE OBJECTIONS WERE FILED. THE OBJECTING PARTY MUST SERVE A COPY OF THE OBJECTIONS ON THE OTHER PARTIES BY REGULAR MAIL AND CERTIFY IN WRITING ON THE OBJECTIONS THAT THIS WAS DONE. IF NO OBJECTION IS FILED, THIS DECISION WILL BECOME THE FINAL DECISION OF THE COURT.**

**UNLESS A PARTY TIMELY AND SPECIFICALLY OBJECTS TO A FACTUAL FINDING OR LEGAL CONCLUSION IN THE MAGISTRATE'S DECISION AS REQUIRED BY CIVIL RULE 53(D)(3), NO PARTY MAY ASSIGN AS ERROR ON APPEAL THE COURT'S ADOPTION OF ANY FACTUAL FINDING OR LEGAL CONCLUSION. ANY REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW MUST BE FILED WITHIN SEVEN (7) DAYS OF THE DATE THE MAGISTRATE'S DECISION WAS FILED.**

Rather than issuing a separate entry, the trial judge attempted to adopt the May 19, 2017 magistrate's decision as the order of the court within that same journal entry.

**{¶6}** On June 5, 2017, Ms. Hudson filed objections to the magistrate's decision of May 19, 2017. Lager & Vine then objected to Ms. Hudson's objections to the magistrate's decision as

being untimely filed. The trial court had not yet ruled on the objections when, on June 15, 2017, Ms. Hudson filed a notice of appeal of the May 19, 2017 decision.

{¶7} On September 25, 2017, this Court dismissed the appeal in Case No. 17CA0051-M, because the trial court attempted to adopt the decision of the magistrate as the order of the court without issuing its own judgment. This Court determined the trial court had not yet entered a final appealable order, and concluded that we lacked jurisdiction to consider the appeal.

{¶8} Following the dismissal of the attempted appeal, Ms. Hudson moved the trial court for a final and appealable judgment entry. The trial court entered a separate judgment on November 9, 2017. In that judgment entry, the trial court declined to consider Ms. Hudson's objections to the May 19, 2017 magistrate's decision, finding that they were not timely filed.

{¶9} Regarding Ms. Hudson's motion to strike, the trial court found that the magistrate correctly granted the motion, but incorrectly stated "'the deposition and deposition exhibits' were stricken, instead of stating that the **affidavit** and **[Lager & Vine's] Exhibits 1-8 as referenced therein** are stricken." (Emphasis sic.) The trial court then modified the magistrate's decision to reflect that the court was striking "the affidavit of Clifton M. Cravens and [Lager & Vine's] Exhibits 1-8 as referenced therein, because the affidavit did not demonstrate personal knowledge of the affiant, and the exhibits were not attached to the affidavit." The trial court clarified it was striking the Cravens affidavit and Exhibit's 1 through 8 "only to the extent referenced in the affidavit[.]"

{¶10} As to the summary judgment motion, the trial court adopted the magistrate's decision. In doing so, the court found that Ms. Hudson had an unobstructed view of the hazard she attributed as the cause of her slip and fall. The trial court further found that the hazard was observable, open, and obvious; therefore, Lager & Vine owed no duty of care to Ms. Hudson.

Concluding that no genuine issue of material fact existed, the trial court found that Lager & Vine was entitled to judgment as a matter of law and entered judgment in favor of Lager & Vine, dismissing Ms. Hudson's complaint.

{¶11} Ms. Hudson timely filed this appeal of the trial court's November 9, 2017 judgment entry, raising four assignments of error for our review. For ease of analysis, we elect to consider the assignments of error out of order and consolidate our review of the third and fourth assignments.

II.

### Assignment of Error I

**The trial court erred as a matter of law in ruling that [Ms. Hudson]'s objections to the magistrate['s] decision were untimely[.]**

{¶12} Ms. Hudson argues that the trial court erred by finding that her objections to the magistrate's decision, filed Monday, June 5, 2017, were not timely filed. Pursuant to Civ.R. 53(D)(3)(b)(i) "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)."

{¶13} Ms. Hudson acknowledges that she had fourteen days from the filing of the May 19, 2017 magistrate's decision to file her objections to the decision. Ms. Hudson takes issue, however, with the trial court's statement in the November 9, 2017 judgment entry indicating that her fourteen day period expired on "Friday, June 3, 2017." Maintaining that her fourteen days did expire on June 3, 2017, she contends that date fell on a *Saturday* and not a *Friday* as stated in the judgment entry. Therefore, it is Ms. Hudson's contention that, pursuant to Civ.R. 6(A), she had until Monday, June 5, 2017, to timely file her objections.

{¶14} In its response brief, Lager & Vine recognizes that June 3, 2017, did not fall on a Friday. However, Lager & Vine contends that Ms. Hudson's objections were untimely nonetheless. Lager & Vine asserts that the objections were due on Friday, June 2, 2017, not Saturday, June 3, 2017, as Ms. Hudson argues.

{¶15} Upon review of the record, this Court concludes that the discrepancy in the judgment entry is not in stating the incorrect day of the week (Friday), but rather the incorrect date (June 3, 2017). The magistrate's decision, which clearly provided notice of the fourteen day period for filing objections, was filed May 19, 2017. Pursuant to Civ.R. 53(D)(3)(b)(i), Ms. Hudson had fourteen days from May 19, 2017 to file written objections, meaning Friday, June 2, 2017, was the last day for Ms. Hudson to timely file her objections. Therefore, the objections Ms. Hudson filed Monday, June 5, 2017, were not timely filed. Accordingly, this Court determines that the trial court did not err in finding that Ms. Hudson's objections were untimely. Ms. Hudson's first assignment of error is overruled.

## Assignment of Error III

**The trial court erred as a matter of law by misapplying Ohio law regarding open and obvious dangers.**

## Assignment of Error IV

**The trial court erred as a matter of law by ignoring genuine issues of material fact that precluded summary judgment.**

{¶16} In her third assignment of error, Ms. Hudson argues that the trial court erred in its application of law regarding the open and obvious doctrine when it granted summary judgment. In her fourth assignment of error, Ms. Hudson argues the trial court erred by ignoring genuine issues of material fact that remained to be litigated. Lager & Vine contends that Ms. Hudson is

attempting to raise these arguments on appeal despite not having raised them below in a timely objection to the magistrate's decision.

{¶17} As discussed in the first assignment of error, Ms. Hudson failed to file timely objections to the May 19, 2017 magistrate's decision. According to Civ.R. 53(D)(4)(c), "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." The trial court correctly determined that the objections Ms. Hudson filed on June 5, 2017, were filed beyond the fourteen day period provided for by Civ.R. 53(D)(3)(b)(i) and, therefore, untimely and declined to consider the objections. Although the trial court determined it was necessary to correct an error in the magistrate's decision ruling on Ms. Hudson's motion to strike, the court adopted the magistrate's decision as to the motion for summary judgment and entered judgment accordingly.

{¶18} Civ.R. 53(D)(3)(b)(iv) states:

Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as [such] * * *, unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

Ms. Hudson did not timely object to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b)(i). Accordingly, we conclude that Ms. Hudson "has forfeited all but plain error on th[ese] issue[s] because [s]he failed to timely object to the magistrate's decision" and Ms. Hudson, in her merit brief, "has not advanced a plain error argument on appeal." *Hess v. Satink*, 9th Dist. Summit No. 27729, 2016-Ohio-4684, ¶ 23, citing App.R. 16(A)(7); *See also State v. White*, 9th Dist. Summit Nos. 23955, 23959, 2008-Ohio-2432, ¶ 33 ("[T]his Court will not construct a claim of plain error on behalf of an appellant who fails to raise such an argument in her brief."). Therefore, Ms. Hudson's third and fourth assignments of error are overruled.

**Assignment of Error II**

**The trial court abused its discretion by ruling that the stricken exhibits were properly considered in its summary judgment ruling because [Ms. Hudson] allegedly authenticated them.**

{¶19} Ms. Hudson challenges the trial court's decision to consider Lager & Vine's Exhibits 1 through 8—photographs of the restroom—as part of the record for the purpose of ruling on the summary judgment motion in her second assignment of error. Ms. Hudson contends that these exhibits were not part of the record pursuant to the Craven affidavit, and the trial court abused its discretion by admitting the exhibits as part of the record based on Ms. Hudson's deposition. During the deposition, Ms. Hudson contends, "she could not authenticate the pictures."

{¶20} In the judgment entry, the trial court adopted the magistrate's decision to grant Ms. Hudson's motion to strike. However, the trial court clarified that the magistrate's decision had incorrectly described Ms. Hudson's motion as a "[m]otion to [s]trike the deposition and deposition exhibits 1 through 8 of Clifton M. Cravens[.]" The trial court corrected that mistake to clarify that the motion being granted was actually Ms. Hudson's motion to strike the affidavit of Clifton M. Cravens and Lager & Vine's Exhibits 1-8 as referenced therein.

{¶21} In contrast, the trial court did not alter the magistrate's decision to consider the deposition of Ms. Hudson and "[E]xhibits 1 through 8, which [Ms. Hudson] authenticated in her deposition." The trial court did not find error with respect to that issue and adopted the magistrate's decision finding that Ms. Hudson authenticated Exhibits 1 through 8 and considering them as summary judgment evidence. In her merit brief, Ms. Hudson argues that it was improper for the court to consider those exhibits based on Ms. Hudson's deposition, because

Ms. Hudson was unable to properly authenticate them. However, Ms. Hudson did not present this argument to the trial court in a timely objection to the magistrate's decision

{¶22} As we determined above, Ms. Hudson failed to present timely objections to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b)(i). Consequently, pursuant to Civ.R. 53(D)(3)(b)(iv), Ms. Hudson is precluded from assigning this issue as error on appeal, except to assert a claim of plain error. Ms. Hudson forfeited all but plain error, and failed to argue plain error in her merit brief. *See Satink*, 2016-Ohio-4684, ¶ 23; *White*, 2008-Ohio-2432, ¶ 33. Therefore, Ms. Hudson's second assignment of error is overruled.

## III.

{¶23} Ms. Hudson's assignments of error one through four are each overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

NATALIE F. GRUBB and MARK E. OWENS, Attorneys at Law, for Appellant.

GREGORY A. HUBER, Attorney at Law, for Appellee.

BLAKE R. GERNEY, Attorney at Law, for Appellee.