[Cite as *Sauers v. Munroe Muffler*, 2019-Ohio-1977.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DAVID SAUERS

      Appellant

      v.

MUNROE MUFFLER/BRAKE &
SERVICE SHOP 400

      Appellee

C.A. No.      29301

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    2018CVI02382

DECISION AND JOURNAL ENTRY

Dated: May 22, 2019

---

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, David Sauers, appeals the decision of the Stow Municipal Court entering judgment in favor of Defendant-Appellee, Munroe Muffler Brake & Service Inc. Shop 400 ("Munroe"). This Court affirms.

I.

{¶2} On August 7, 2018, Mr. Sauers filed a small claims complaint against Munroe. The complaint alleged that Munroe failed to provide services to timely repair Mr. Sauers's vehicle, and sought compensatory and punitive damages. A trial was set for September 19, 2018. Both parties appeared at trial without counsel, and the matter was heard by a magistrate. Following the trial, the magistrate issued a decision finding that Mr. Sauers failed to prove his claim and recommending that judgment be entered in favor of Munroe. The magistrate's decision concluded with a paragraph advising the parties that they must file written objections within fourteen days.

**{¶3}** On October 9, 2018, Mr. Sauers filed a request for findings of fact and conclusions of law pursuant to Civ.R. 53(D)(3)(a)(ii). The magistrate issued a decision with findings of fact and a conclusion of law on November 6, 2018. Despite the magistrate's compliance with his request, on November 13, 2018, Mr. Sauers filed a second request for findings of fact and conclusions of law and, in the alternative, asserted vague requests for relief not provided for in Civ.R. 53.

**{¶4}** The trial court issued an order on January 15, 2019, finding that no objections were filed as to the magistrate's November 6, 2018 decision. The trial court approved and adopted the magistrate's decision, entered judgment in favor of Munroe, and assessed costs to Mr. Sauers. Mr. Sauers timely appealed the trial court's judgment raising three assignments of error for our review, which we consolidate for the purpose of our review.

II.

### Assignment of Error I

**The lower courts were arbitrary and/or unreasonable and/or unconsciousable (sic) to the 14th Amendment of the United States. They failed to use due process, equal protection and failed to submit the finding of facts and conclusion to law as to a matter of law.**

### Assignment of Error II

**The lower courts were arbitrary and/or unreasonable and/or unconsciousable (sic) to Magnuson-Moss Federal Trade Commission and the 14th Amendment of the United States[.]**

### Assignment of Error III

**The lower courts were arbitrary and/or unreasonable and/or unconsciousable (sic) to the Ohio Consumer Practice and the Ohio Revised Code[.]**

**{¶5}** On appeal, Mr. Sauers asks this Court to reverse the trial court's decision and enter judgment in his favor. However, pursuant to Civ.R. 53(D)(3)(b)(i), "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Civ.R. 53(D)(4)(c) states that, "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." As the trial court correctly stated in its judgment entry, Mr. Sauers did not file objections to the magistrate's decision.

**{¶6}** According to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as [such] * * *, unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Mr. Sauers did not object to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b)(i). Consequently, we conclude that Mr. Sauers "has forfeited all but plain error on th[ese] issue[s] because he failed to timely object to the magistrate's decision" and Mr. Sauers "has not advanced a plain error argument on appeal." *Hess v. Satink*, 9th Dist. Summit No. 27729, 2016-Ohio-4684, ¶ 23, citing App.R. 16(A)(7); *see State v. White*, 9th Dist. Summit Nos. 23955, 23959, 2008-Ohio-2432, ¶ 33 ("[T]his Court will not construct a claim of plain error on behalf of an appellant who fails to raise such an argument in h[is] brief."). Therefore, Mr. Sauers's assignments of error are overruled.

III.

**{¶7}** Mr. Sauers's assignments of error one, two, and three are overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

DAVID SAUERS, pro se, Appellant.

MUNROE MUFFLER BRAKE & SERVICE INC., pro se, Appellee.