**[Cite as *Crown Asset Mgt., L.L.C. v. Gaynor*, 2022-Ohio-1468.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CROWN ASSET MANAGEMENT, LLC, | : | APPEAL NO. C-210157 |
| | | TRIAL NO. 20CV-08994 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| ALAN GAYNOR, | : | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 4, 2022

*Levy & Associates, LLC*, *Sean M. Winters* and *Matthew S. Salyer,* for Plaintiff-Appellee,

*Alan Gaynor*, pro se.

**BOCK, Judge.**

**{¶1}** Defendant-appellant Alan Gaynor appeals the trial court's entry of summary judgment in favor of plaintiff-appellee Crown Assets Management, LLC, ("Crown").

## Facts and Procedure

**{¶2}** In October 2016, Gaynor obtained a personal loan from WebBank, via Prosper Funding, LLC, ("Prosper"), an online credit platform. In July 2018, WebBank assigned the loan to Prosper, which then assigned the loan to Crown.

**{¶3}** Gaynor had made payments from October 2015 through January 2018, but he then defaulted. In May 2020, Crown sued Gaynor, seeking $2,933.98. Gaynor's loan documents were attached to the complaint. Crown redacted account information from the attached promissory note.

**{¶4}** Gaynor filed a letter to Crown as his answer, attaching another letter that discussed Crown's proposed settlement. He did not deny that he had borrowed the money and defaulted, nor did he assert any defenses. Gaynor later filed a letter requesting an out-of-court settlement.

**{¶5}** Gaynor filed another letter ("dispositive motion") and attached a proposed entry, Crown's proposed settlement, Gaynor's response to the proposal, and an affidavit of income. Gaynor also filed his answers to Crown's first set of discovery requests, in which he admitted that he had borrowed $9,600 from Prosper and that he had failed to continue to make payments.

**{¶6}** Crown moved for summary judgment and to continue the trial date, citing its witness's concern of contracting COVID-19 while traveling to Ohio. Gaynor objected to Crown's motion to continue, arguing that the reason for Crown's

2

continuance was disingenuous. The trial court noted Gaynor's objection and granted Crown's request for the continuance.

**{¶7}** Gaynor filed an "Affidavit for Trial," which contained arguments and conclusions rather than sworn facts.

**{¶8}** In December 2020, the magistrate granted Crown's motion for summary judgment. Gaynor did not object to the magistrate's decision. The trial court adopted the decision granting Crown's motion, ordering Gaynor to pay $2,933.98 plus court costs. A final appealable order was mailed to the parties.

### Assignments of Error

**{¶9}** Gaynor argues that the trial court erred by: (1) accepting a redacted complaint, (2) failing to rule on his dispositive motion, (3) failing to require Crown to respond to discovery requests, (4) improperly granting Crown's request for a continuance, (5) failing to recognize the affidavit for trial as a "legitimate motion to deny summary judgment," and (6) "failure to object to summary judgment within 14 days."[1]

### Analysis

#### Civ.R. 53(D)

**{¶10}** Gaynor failed to object to the magistrate's decision. His sixth assignment of error asserts that he could not find the magistrate's decision and does not remember receiving the trial court's adoption of that decision.

**{¶11}** The magistrate's decision states that a copy was mailed to Gaynor on December 28, 2020—the date it was rendered. The record reflects that an entry adopting that decision was mailed on January 11, 2021. A copy of that entry was

---

[1] Gaynor's assignments of error skip numbers. We renumber them in the order argued in his brief.

attached to Gaynor's appellate brief.

**{¶12}** Because the record shows that the court sent Gaynor copies of the magistrate's decision and judgment, we overrule Gaynor's sixth assignment of error.

<u>Gaynor waived all error</u>

**{¶13}** Under Civ.R. 53(D)(3)(b)(i), a party has 14 days from the filing of a magistrate's decision to object to it. *In re: $593 United States Currency Seized from Moore*, 1st Dist. Hamilton No. C-160601, 2017-Ohio-7330, ¶ 10. When a party fails to object to a magistrate's decision, the appellate court generally reviews any assignments of error under a plain-error standard. *Id.*; *Hudson v. Lager & Vine Gastro Pub & Wine Bar*, 9th Dist. Medina No. 17CA0085-M, 2018-Ohio-2802, ¶ 17. But Gaynor has failed to advance a plain-error argument on appeal. This court will not advance a plain-error argument on Gaynor's behalf. *Hudson* at ¶ 17, quoting *State v. White*, 9th Dist. Summit Nos. 23955 and 23959, 2008-Ohio-2432, ¶ 33.

**{¶14}** Moreover, under Civ.R. 8(B), a party must state defenses to each claim asserted, and admit or deny the averments upon which the adverse party relies. As Gaynor neither denied Crown's allegations nor asserted any defenses, under Civ.R. 8(D), Gaynor effectively admitted to each of Crown's assertions in its complaint because he did not deny them in his answer.

**{¶15}** Gaynor has waived all issues on appeal based on both Civ.R 8(D) and Civ.R. 53(D). Gaynor's remaining assignments of error are overruled.

<u>Crown was entitled to Summary Judgment</u>

**{¶16}** Even if we considered Gaynor's appeal on the merits, the result would not change because Crown was entitled to summary judgment.

**{¶17}** Gaynor argues that the trial court erroneously permitted Crown to file a

4

redacted complaint and failed to require Crown to respond to his discovery requests seeking the redacted information. But Sup.R. 45(D) provides that a party filing a case document must omit personal identifiers, which includes loan numbers. *See Unifund CCR, LLC v. Barden*, 5th Dist. Delaware No. 19 CAE 05 0036, 2020-Ohio-215, ¶ 19; *In re Z.H.*, 2013-Ohio-3904, 995 N.E.2d 295, ¶ 16 (9th Dist.). Certain proprietary or confidential information is also subject to redaction. *See Allied Debt Collection of Virginia, LLC v. Nautica Entertainment, LLC*, 2019-Ohio-4055, 146 N.E.3d 1222, ¶ 38-40 (8th Dist.); *Lambda Research v. Jacobs*, 170 Ohio App.3d 750, 2007-Ohio-309, 869 N.E.2d 39, ¶ 14-15 (1st Dist.). And Gaynor never moved to compel the redacted information. *See Delguidice v. Randall Park Mall*, 8th Dist. Cuyahoga No. 60625, 1992 Ohio App. LEXIS 2844 (June 4, 1992) (the court will not intervene in discovery matters until the party seeking discovery moves under Civ.R. 37 to compel.). *Id.*

{**¶18**} Gaynor asserts that the trial court erroneously failed to rule on his dispositive motion. But what he filed was not a dispositive motion. Instead, the document essentially requested that the trial court order Crown to accept one of two proposed settlements. A trial court cannot, however, force parties into settlement. *See Ross v. Belden Park Co.*, 5th Dist. Stark No. 2000CA00086, 2001 Ohio App. LEXIS 1862, *8 (Apr. 16, 2001).

{**¶19**} Gaynor argues that the trial court improperly granted Crown's motion for a continuance. But whether to grant a continuance is within a trial court's discretion and it will not be reversed absent an abuse of that discretion. *State v. Hillis*, 162 Ohio App.3d 280, 2005-Ohio-3591, 833 N.E.2d 344, ¶ 9 (1st Dist.). The trial court should consider (1) the length of the requested delay, (2) whether other continuances have been granted, (3) the inconvenience to the litigants, witnesses, opposing counsel,

and court, (4) whether the requested delay is for legitimate reasons or whether it is dilatory, (5) whether the defendant contributed to the circumstance that gives rise to the request for a continuance, and (6) other relevant factors. *Id*. at ¶ 10. Gaynor failed to explain how he would be prejudiced by the continuance. Moreover, the Hamilton County Court of Common Pleas and the Hamilton County Municipal Court had issued joint administrative orders in September and October 2020, which, respectively, had limited in-person appearances and suspended jury trials due to the COVID-19 pandemic. Also, no prior continuances had been requested. The trial court did not abuse its discretion by granting the motion. Gaynor's fourth assignment of error is overruled.

{¶20}   Finally, Gaynor asserts that the trial court erroneously failed to consider his "Affidavit for Trial." But the affidavit, rather than being a sworn statement of facts, largely makes assertions and conclusions.

## Conclusion

{¶21}   Gaynor effectively admitted to all of Crown's allegations when he failed to deny them in his answer. He waived all issues for appeal by failing to object to the magistrate's decision. Even if he had not waived the issues on appeal, none of Gaynor's assignments of error have merit. We therefore affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

6