[Cite as *LVNV Funding, L.L.C. v. Evans*, 2026-Ohio-1078.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| LVNV FUNDING LLC, | : | APPEAL NO. C-250383 |
| | | TRIAL NO. 24CV25715 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| SHIRLEY EVANS, | : | |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 3/27/2026 per order of the court.**

By:_____
      **Administrative Judge**

[Cite as *LVNV Funding, L.L.C. v. Evans*, 2026-Ohio-1078.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

LVNV FUNDING LLC,                     :        APPEAL NO.    C-250383
                                               TRIAL NO.     24CV25715
    Plaintiff-Appellee,          :

  vs.                                   :
                                                    *O P I N I O N*
SHIRLEY EVANS,                        :

    Defendant-Appellant.         :


Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 27, 2026


*Stenger & Stenger, P.C.*, *David B. Boker* and *David J. Hoff*, for Plaintiff-Appellee,

*Shirley Evans*, pro se.

**ZAYAS, Presiding Judge.**

{¶1} In this pro se appeal, this court is presented with a question of whether summary judgment was appropriate in an action on an account stated. Plaintiff-appellee LVNV Funding LLC ("LVNV") initiated this action seeking to recover on an outstanding credit-card balance allegedly due and owing by defendant-appellant Shirley Evans. The trial court ultimately granted summary judgment in favor of LVNV in the amount of $1,063.21, plus post-judgment interest and court costs. Evans now appeals, raising five assignments of error.

{¶2} Ultimately, because Evans failed to file any objections to the magistrate's decision and failed to set forth a plain-error argument on appeal, and because there is no plain error apparent in the record or the trial court's decision, we overrule the assignments of error and affirm the judgment of the trial court.

## I. Background

{¶3} On September 18, 2024, LVNV filed a complaint against Evans seeking $1,063.21, the amount allegedly due and owing on a charged-off credit-card account formerly with Credit One Bank, N.A., ("Credit One"). LVNV alleged in the complaint that it was the assignee of the account, and that Evans failed to repay the balance owed. Attached to the complaint was a credit-card statement from Credit One for the account ending in 5789. The statement was for the period of May 24, 2019, to June 23, 2019, and reflects that the account was closed and "scheduled" to be charged off at that time.

{¶4} On October 22, 2024, Evans answered the complaint and denied owing the amount of money claimed in the complaint. She additionally claimed that LVNV lacked the right to sue her as it did not own the Credit One debt. She further claimed that she did not have an account with LVNV and that the Credit One debt was "dismissed by a judge" in January 2021 and removed from her credit report.

3

**{¶5}** In February 2025, LVNV filed a motion for summary judgment, asserting that no issue of material fact remained to be adjudicated and it was entitled to judgment as a matter of law. Included with the motion was an affidavit from an "authorized representative" of LVNV, which discussed and incorporated documents purportedly from LVNV's business records that show the transaction history, chain of title, and terms and conditions of Evans's account. Regarding transaction history, the affidavit attached and incorporated two years of Credit One credit-card statements from June 24, 2017, to June 23, 2019, for Evans's alleged account. Regarding chain of title, the affidavit attached and incorporated documents showing that Credit One transferred, sold, assigned, conveyed, granted, or otherwise delivered (hereinafter referred to as "transferred") certain charged-off credit-card accounts, identified in an electronic file entitled "CreditOne_Sherman_072019," to MHC Receivables, LLC, on June 30, 2019. MHC Receivables then did the same to transfer these accounts to FNBM, LLC, on July 23, 2019. On that same day, MHC Receivables and FNBM, LLC—separately—transferred these accounts to Sherman Originator III LLC. Also that same day, Sherman Originator III LLC transferred these accounts to Sherman Originator LLC. Further that same day, and purportedly subsequent to the previous transactions that day—Sherman Originator LLC transferred the accounts to LVNV. The accounts in the electronic file entitled "CreditOne_Sherman_072019" purportedly included the account ending in 5789 in the name of Shirley Evans that had a balance of $1,063.21. Regarding terms and conditions, the affidavit attached and incorporated a "Revised Card Agreement."

**{¶6}** In April 2025, Evans filed two of her own motions, seeking summary judgment in her favor and leave to file for summary judgment. These motions appear to be in response to LVNV's motion for summary judgment. Evans summarily argued

that there was no enforceable contract, that there was no evidence of account ownership, that LVNV's affidavit and evidence was insufficient to show a prima facie case, that LVNV did not prove the amount owed with reasonably certainty, and that LVNV violated the Fair Debt Collection Practices Act. The last two pages of the second motion—the motion for leave—is a direct written response to LVNV's motion for summary judgment, indicating that the first motion was Evans's defense to LVNV's motion for summary judgment.

{¶7} In June 2025, after taking the case under submission, the magistrate entered a decision granting LVNV's motion for summary judgment, denying Evans's motion for summary judgment, and awarding LVNV $1063.21, plus post-judgment interest and court costs. After no objections were filed, the trial court adopted the magistrate's decision and granted LVNV's motion for summary judgment in July 2025.

{¶8} Evans now appeals, raising five assignments of error for review. In the first assignment of error, she argues that the trial court erred in granting summary judgment in favor of LVNV without providing her with notice and an opportunity to respond and without competent, credible evidence establishing ownership of the debt. In the second assignment of error, she argues that the trial court erred by admitting and relying on hearsay documents as evidence of assignment. In the third assignment of error, she argues that the trial court erred by failing to recognize that LVNV did not provide proof of assignment and notice of assignment as required under Ohio law, thereby depriving her of due process. In the fourth assignment of error, she argues that the trial court erred by disregarding genuine issues of material fact regarding chain of title, the amount of the alleged debt, and the validity of LVNV's claim. In the fifth assignment of error, she argues that the trial court erred by failing to construe the

evidence most strongly in her favor.

## II. *No Apparent Plain Error*

{¶9} Because this appeal is ultimately resolved by the lack of plain error apparent from the record, we address the assignments of error together.

{¶10} As set forth above, Evans did not file objections to the magistrate's decision. The magistrate's decision indicates that the decision was mailed to the parties on June 3, 2025, and that notice of the requirement to file objections within 14 days in order to preserve her right to appeal was included in the magistrate's decision. Yet, Evans did not file any objections. The trial court thereafter entered judgment consistent with the magistrate's decision on June 23, 2025.

{¶11} The failure to file objections to the magistrate's summary-judgment decision results in plain-error review. *E.g., Crown Asset Mgt., LLC v. Gaynor*, 2022-Ohio-1468, ¶ 8, 13 (1st Dist.); *Wells Fargo Bank, N.A. v. Lundeen*, 2020-Ohio-28, ¶ 11 (8th Dist.). Evans does not set forth a plain-error argument, and this court need not address plain error where the appellant fails to raise it. *See Gaynor* at ¶ 13, citing *Hudson v. Lager & Vine Gastro Pub & Wine Bar*, 2018-Ohio-2802, ¶ 18 (9th Dist.). Nevertheless, plain error is not apparent here.

{¶12} "[I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123 (1997).

{¶13} A review of the record and the trial court's decision reveals no plain error in this case. Therefore, we overrule the assignments of error and affirm the

judgment of the trial court.

### *III. Conclusion*

**{¶14}** For the foregoing reasons, we overrule the assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**NESTOR** and **MOORE, JJ.,** concur.